* Per Curiam.
The statute of the United States, ' [ passed on the 8th of May, 1792, for establishing a uniform militia, in the first section, where provision is made for the enrolment of citizens, directs that persons enrolled shall be notified thereof, and that every citizen so enrolled and notified shall, within six months thereafter, provide himself with a good musket, &c. — By an additional act, passed on the 2d of March, 1803, every citizen, duly enrolled, is required to be constantly provided with arms, &.C., agreeably to the directions of the former act, from and after he *38 shall be duly notified of his enrolment, and any notice or warning to the citizen so enrolled to attend a military muster, which shall be according to the laws of the state, &c., is made a legal notice of enrolment.
These acts are recited in the preamble to the statute of this commonwealth, of 1809, c. 108, entitled “An act for regulating, governing, and training, the militia of this commonwealth; ” which also requires, (§ 9,) that every officer and private shall constantly keep himself furnished and provided with the arms and equipments required by the laws of the United States, before recited, except such as are unable. By the 28th section, it is made the duty of parents and guardians to furnish minors, enrolled in the militia, while under their care respectively, with the arms and equipments required; and for the neglect thereof they are subjected to the same forfeitures which the minor would be liable to, if of age. And in the rules and articles, enacted by the 34th section of the same statute, for the government of the militia, every non-commissioned officer and private, who shall appear at the company inspection on the first Tuesday of May, and shall not be armed or equipped as the law directs, is liable to several forfeitures for each deficiency, amounting in the whole, where an entire deficiency is proved, to a penalty of one dollar and fifty cents.
The only question made upon the adjudication certified in this ease is, whether the six months, allowed by the statute of the United States first recited, is abrogated or continued. For if it is continued, the defendant, as the parent * of Stephen Annis, Jun., the supposed delinquent, had incurred no forfeiture when this process was instituted. The minor was enrolled and notified some time in January, and at the military muster in the following May, where he attended, he was entirely destitute of arms and accoutrements. The six months not having elapsed, this deficiency was excusable, unless the subsequent additional statute of the United States has abrogated the indulgence of six months; and unless because by that statute, and the statute of this state, every citizen duly enrolled, after he shall be duly notified, is to keep himself constantly furnished with the arms and equipments required, it must be understood that immediately upon notice every private, whether of age or a minor, is to be immediately furnished.
This, we think, would be a construction unreasonably severe, and it is not necessary, as all the provisions may have a consistent construction. Thus a private, after enrolment, is to be constantly furnished with arms and accoutrements. Taken in connection with the first statute, the construction may be, that he must be sure to procure them within six months; and therefore that he is not liable *39 to a penalty, if, within that period after his enrolment, he should happen to be mustered when without arms: yet afterwards, unless constantly furnished, the penalty will be incurred.
The direction of the statutes subsequent to the first seems to be intended against any conclusion or apprehension that a production of arms, &c., on a muster or training day, will satisfy the law; and to make it the duty of the private to be at all other times constantly furnished. The indulgence of six months is very explicitly enacted, and there are no words of repeal in the subsequent statute, nor any reference to the existing rule, nor any absolute contradiction of it, from which a repeal might be implied.
Upon the whole, we think the penalty exacted in the case before us had not been incurred; and the proceedings are to be quashed, and the respondent restored to all that he has lost thereby, (c)

Proceedings quashed.

 [Vide Haynes vs. Jenks, 2 Pick. Rep. 172, and the opinion of Lincoln, J., that the above case is not law; he dissenting from the majority of the Court.—Ed.]