# State *vs.* Wilson.

In a prosecution for a military fine, by a clerk of a militia company, it is sufficient, prima facie, to show that third persons, under whom he acted, and under whose orders the fine was supposed to have been incurred, were acting officers at the time, without producing their commissions.

A commission from the governor, under the seal of the state, is sufficient evidence of the due appointment of a captain or subaltern, without proof that he was recommended by the field officers.

Upon the trial of such prosecution, a copy of record, certified by the clerk, of any order received or issued by the captain, is admissible in evidence.

Evidence that an individual acted as an officer, in issuing a certain order, cannot be received, alone, to show that he was an acting officer and had authority to issue the order. Nor will evidence that he acted afterwards be sufficient.

The insertion of the name of a person as a private, in the orders issued by the captain for warning the company, is prima facie evidence that he had been duly enrolled, so as to be liable to do military duty.

The fact that three fourths of the fine is, by the statute, to be paid over to the captain of the company, to be expended in defraying the necessary expenses of the company, purchasing musical instruments, &c., does not constitute such an interest in the prosecution as to disqualify him from being a witness.

Evidence that the magistrate who originally tried the cause, had acted as counsel in instituting the prosecution, cannot be received on trial before the jury upon the merits of the case, on an appeal taken from his judgment.

Complaint filed before a justice of the peace, by D. F. Willoughby, as clerk of the 6th company, 13th regiment of militia, to recover of the respondent, a private in said company, a fine of three dollars for not attending a regimental muster on the 29th of September, 1832. Plea, not guilty.

On the trial, in the common pleas, on appeal, the prosecutor, for the purpose of proving that he was first sergeant and clerk of said company, produced a warrant to him, as such, signed by E. M. Bissell, as colonel of said regiment, dated September 6th, 1831, and proved the signature of said Bissell; but no other evidence that said Bissell was colonel was offered, except that he acted as colonel, and commanded the regiment on the said 29th of September, 1832. It was

also proved that said Willoughby had acted as first sergeant and clerk since said 6th of September, 1831.

For the purpose of showing that Hiram Morse was at the time captain of said company, a commission from the acting governor, dated April 30th, 1831, was offered in evidence; but there was no proof of his having been recommended by the field officers.

The prosecutor farther offered a copy of orders for a regimental muster, on the 29th of September, 1832, purporting to be signed by I. W. Evans as adjutant, and directed to capt. Hiram Morse, 6th company of infantry, which copy was certified as a copy of record by D. F. Willoughby, clerk.

It was proved that said Evans acted as adjutant at the muster on the said 29th of September; but there was no evidence that he had acted as adjutant upon any other occasion, except in the issuing of the orders.

The evidence to show that the respondent was enrolled in the company was only that his name was in the orders of the captain to warn the members of the company to attend the muster on the 29th of September, 1832.

The respondent excepted to the sufficiency of the testimony in the several particulars aforesaid.

Captain Morse was called as a witness by the prosecutor. The respondent objected that he was interested, but he was admitted.

The respondent offered to prove that the justice before whom the complaint was filed, and from whose judgment he had appealed, had acted as counsel in the cause before he tried it; but this evidence was rejected, on the ground that if received at all it must be on a motion to dismiss the complaint.

A verdict was taken by consent in favor of the state, subject to the opinion of this court upon the foregoing case.

*Nelson*, for the prosecution.

*Bell*, for the respondent.

PARKER, J. A prosecution to recover a military fine, under our statutes, partakes of both a civil and criminal character. It is instituted before a magistrate, upon complaint by the clerk of the company, setting forth the offence, and alleging it to be against the peace and dignity of the state.

The respondent is summoned to appear ; and if on trial he is found guilty, the fine is adjudged and execution issued, from which, if imprisoned, he may be released on taking the poor debtor's oath. One fourth of the fine when collected goes to the clerk, and the remainder is paid over to the captain, to be " expended in defraying the necessary expenses ' of such company, in purchasing and repairing musical in- ' struments, and instructing the musicians belonging to his ' company." If the respondent is discharged, on trial, he recovers no costs. The prosecution is, therefore, properly carried on in the name of the state, although it may be regarded as in some measure a private prosecution.

The first objection is to the sufficiency of the evidence to show the prosecutor to be clerk of the company. He was shown to have acted as clerk for more than a year prior to the day of muster ; and there are authorities going to show that this is prima facie evidence of official character, even where the person is a party to the suit, and introduces the proof. 2 *N. H. R.* 206, *Johnston* vs. *Wilson ;* 3 *Johns. Rep.* 431, *Potter* vs. *Luther ;* 4 *D. & E.* 366, *Berryman* vs. *Wise.* There seems, however, to have been some diversity of opinion upon this subject, (4 *Bos. & Pul.* 196, *Smith* vs. *Taylor ;* 2 *Stark. Ev.* 373, *n. g.*) and it is not necessary to consider it further at this time.

For the purpose of showing that he was legally clerk of the company, the prosecutor offered a warrant, signed by E. M. Bissell as colonel of the 13th regiment ; and this evidence is sufficient, provided said Bissell at the time of the date held the office of colonel. *State* vs. *Leonard,* 6 *N. H. R.* 435. Neither the commission of Bissell, nor any record evidence of his appointment was produced, nor was any ne-

cessary. It was clearly sufficient, prima facie, for this prosecutor, to show that Bissell was acting as colonel at the time. 6 *N. H. R.* 356, *State* vs. *Hascall;* 2 *Stark Ev.* 372 ; 3 *Camp.* 432, *Rex* vs. *Verelst, and auth. ante.* On this point the case finds no other evidence than the issuing of the warrant, except that "he acted as colonel, and commanded the regiment on the said 29th of September, 1832." Upon one construction of this language the proof would be insufficient. The act of issuing the warrant itself cannot be evidence of authority to issue it, and acting as an officer, at a parade more than a year afterwards, could not show him to have been an officer when the warrant was issued ; but if, as suggested, we may understand from the case that said Bissell was in the habit of acting as colonel, extending to a period before the warrant was issued, and that he also commanded the regiment on the day of muster, this would be enough.

The evidence to show that Morse was the captain of the company, was sufficient. By the constitution, the captains and subalterns, in the respective regiments, shall be nominated and recommended by the field-officers to the governor, who is to issue their commissions immediately on the receipt of such recommendation. But it is not necessary to go behind the commission, and show the previous proceeding. The commission itself, with the signature of the governor, and the seal of the state, must be due evidence of the appointment, and that the proper recommendation was made before it issued. *State* vs. *Leonard.*

The next objection is to the admission of a copy of the regimental orders for muster, from the records of the company. It is argued that a copy from the regimental records would be better evidence. The statute requires the adjutant to keep an orderly book, and record, among other things, "all orders which may be issued by the colonel or commanding officer of the regiment" ; and it also requires the orderly sergeant, who is clerk, " in an orderly book to be by

'him kept for that purpose, to record all orders and other 'official communications received by the captain or com-'manding officer of the company." *N. H. Laws*, 387, 391. By the statute, then, this order should have been recorded in both places ; and if it be said that the record of the adjutant is the best record evidence of the order as it issued, it may be answered that the record of the clerk is, in the same degree, the best evidence of the order as it was received. We have no doubt, upon general principles, that either of them is competent evidence in a case where the original is not required. But the admissibility of the copy offered in this case is settled by an express provision of the statute relating to prosecutions for fines, that "if any or-'ders, received or issued by the commanding officer of any 'company, shall be recorded in the orderly book of such 'company, a copy of such record, certified by the clerk of 'such company, shall be received as evidence of such or-'ders." *N. H. Laws*, 416.

The next objection is, that there was no evidence that Evans, who signed the orders as adjutant, was in fact adjutant, except that he acted as such afterwards at the muster. This objection is fatal, for the reasons before suggested. The act of issuing the orders cannot be received as evidence of the authority. If it could, the authority of third persons to do official acts, when it came in question, would be proved by the acts themselves, which would be absurd. It would seem, from the report, that proof of that kind was received in *Rex* vs. *Jones*, 2 *Camp.* 131, but it was probably there shown, or not denied, that the persons who signed as commissioners of the treasury had been in the habit of acting as such. 3 *Camp.* 433. The evidence that Evans acted as adjutant afterwards, at the muster, cannot have relation back, or prove the existence of the authority at the time the orders were issued. There should have been some evidence that he had acted previously.

Another objection is, that there was no sufficient evidence

that the respondent was duly enrolled in the company, or at least no evidence that he had been enrolled six months, which time it is argued is allowed by the laws of the United States to a private to equip himself; and for this the counsel cites 9 *Mass. R.* 31, *Commonwealth* vs. *Annis*; 2 *Pick. R.* 172, *Haynes* vs. *Jenks.* Probably the better opinion is, that the United States statute of 1803 is a virtual repeal of the provisions in the statute of 1792, by which six months seem to have been allowed for the purpose of equipment. See the opinion of Lincoln, J., 2 *Pick.* 177. But we do not pause to settle this question at this time, for the statute of this state provides, that the insertion of the name of any person in an order to notify and warn the members of a company, to appear for military duty, or its annexation thereto, shall be sufficient evidence that such person is duly enrolled in the company. *N. H. Laws*, 411. The evidence which was offered must, therefore, be deemed at least prima facie evidence that the respondent was duly enrolled, and had been so for a sufficient period to make the issuing of an order to warn him to do military duty a proper act on the part of the captain; and if he had any ground of exemption, because he had not sufficient notice of his enrolment, he should have offered the evidence which would have raised the question. For aught which appeared, he may have belonged to the company several years.

Another question is, whether the captain of the company was rightfully admitted as a witness; and we are of opinion that the objection that he was interested was properly overruled. By the statute, three fourths of any fine which is recovered is to be paid over to him, but he receives it only as an official trustee, to be expended for certain purposes designated by the statute. There may be instances in which this is made, in fact, a matter of personal interest, but we think it is not, in the contemplation of the statute, such a beneficial interest as should disqualify him. 1 *Phil. Ev.* 40, [42]; 1 *Doug.* 141, *Goodtitle* vs. *Welford*; 12 *East*

250, *Bettison* vs. *Bromley* ; 6 *Taunt.* 220, *Phipps* vs. *Pitcher* ; 1 *P. Wm's.* 290, *Goss* vs. *Tracey.* The statute requires the clerk to file the complaint, and the whole proceeding may be had without any active agency on the part of the captain.

The remaining objection arises from the rejection of the evidence offered by the respondant, on the trial, to show that the justice before whom the complaint was filed had acted as counsel in the cause before he tried it ; but we are satisfied the ruling was correct. This was a matter with which the jury had nothing to do. If it could avail in any shape it must have been on a motion to the court.

*New trial granted.*