## HIRAM GOWELL *vs.* OTIS TRUE.

No citizen is required to appear at militia trainings or reviews, or to perform militia duty, until after the termination of six months from the time he was first legally enrolled.

The enrolment of a private in an independent company under an illegal enlistment, is a nullity, and his rights and liabilities remain unaffected thereby.

THIS was a writ of error to reverse a judgment rendered before a Justice of the Peace, *Jan.* 1, 1839, against *Gowell*, the plaintiff in error, in an action in favor of *True*, as clerk of a company of militia, brought to recover a fine for absence from a company training on *September* 11, 1838. One of the many errors assigned was, that *Gowell* had never been enrolled six months before the said eleventh day of *September*, 1838, and therefore was not liable to do military duty. *Gowell* became twenty-one years of age in *Feb.* 1838, and had resided within the limits of the company of which *True* was clerk since he was seventeen years of age. By the records of the enrolments in that company, it appeared that *Gowell* was never enrolled in the company before *August* 29, 1838. To show that *Gowell* had been previously enrolled, *True* proved an enlistment by *Gowell* in a rifle company, and that his name was upon the roll of the rifle company in *May*, 1837, and that he actually did duty in that company on the same 11th of *September*, 1838. It appeared however, that notice of the enlistment had never been given to the commander of the infantry company within which he resided at the time of the enlistment.

*J. C. Woodman*, for the plaintiff in error, contended, that by the militia acts of the *United States*, of 1792, § 1, and of 1803, § 2, *Gowell* was entitled to six months notice of his enrolment before he was obliged to do military duty. *Haynes* v. *Jenks*, 2 *Pick.* 172. It is not necessary here to show that the extra judicial remark in the case cited by *Parker J.* that the enrolment of a soldier may be presumed from his age and size, is not law. Here the facts appear, and the negative is proved. The power over this subject is expressly delegated to Congress by the Constitution of the *United States*, *art.* 1, § 8, 15. The provision in the militia act of this State of 1834, § 33, that the private shall be allowed but

six months after he becomes eighteen years of age is nugatory and void. If *Gowell* was legally enlisted and enrolled in the rifle company, then he was not bound to do duty in this company. If he was not, an illegal enrolment is no enrolment.

*Dunn,* for the original plaintiff, *True,* contended, that but six months after the private becomes eighteen years of age are allowed as an exemption from the performance of duty in the militia. *Stat.* 1834, *c.* 121, § 33. The object of the six months is to afford ample time to furnish himself with arms and equipments after he shall have been notified of his enrolment. But when he has been enrolled and has actually done duty, as in this case, no further time ought to be allowed.

The opinion of the Court was by

WESTON C. J. — The act of Congress of 1792, 2d Cong. 1st Sess. *c.* 33, to provide for the national defence, by establishing an uniform militia throughout the United States, required that every citizen, liable to be enrolled in the militia, should provide himself with the necessary arms and equipments, within six months after notice of his enrolment, and being so armed and equipped, he is liable to be called out, trained and exercised, at such times and places, as may by law be duly appointed.

In the case of the *Commonwealth* v. *Annis,* 9 *Mass. R.* 31, it was decided, that the period of six months, allowed by this statute, was not taken away by the subsequent *stat.* of 1803, 7 Cong. 2 Sess. *c.* 68. And this decision was sustained in the case of *Haynes* v. *Jenks,* 2 *Pick.* 172. In the latter case it was held, that the citizen so enrolled was not required to appear at military trainings or reviews, until after the termination of the six months. It was however very strongly intimated, that this immunity is to be limited to the first, or original enrolment.

The case finds, that the plaintiff in error was first enrolled in the company of which the defendant in error was clerk, on the 29th of *August,* 1838, having lived within the bounds of that company over four years, from the age of seventeen. He did not appear at the military training, duly ordered on the eleventh of *September,* the next month following his enrolment, and for this alleged delinquency, he was adjudged liable to a penalty. This could not have

been incurred, until the lapse of six months from his enrolment, unless he had been previously enrolled. It is urged, that his enrolment in the rifle company, took away this immunity.

If that enrolment was in conformity with law, it would protect him from the penalty sought to be recovered, for it appears that he did duty in that company, on the very day when he was required to appear in the standing company. But the enrolment in the rifle company, not having been made in pursuance of law, was a nullity. His liability to be enrolled in the other company, and the duties consequent thereon, remained unaffected. As it gave him no rights, it impaired none, which he was entitled to claim. His first legal binding enrolment, not having been made six months before the training, at which he is alleged to have been delinquent, the penalty or forfeiture claimed, cannot legally be recovered.

*Judgment reversed.*