THE PEOPLE, on the relation of Swan and others, *vs.* LOOMIS and others.

Where, at an annual town meeting, the electors limit the number of constables to be chosen to *four*, ballots containing the names of *more* than four persons designated as voted for for the office of constables cannot be canvassed, but must be rejected.

Although the office has expired when judgment on the right of the parties comes to be pronounced, the court will, notwithstanding, proceed and pronounce judgment, as the relators, if successful, are entitled to costs.

THIS was an *information*, in the nature of a *quo warranto*, filed by the attorney-general, on the relation of A. Swan and three other persons, claiming to have been elected *constables* of the town of Verona, in the county of Oneida, on the first Tuesday of March, 1830, for the year then ensuing. The information filed in July, 1830, charges J. E. Loomis and three other persons with *jointly and severally* using and exercising the offices of constables of Verona, they *jointly and severally* claiming, without any legal election, &c. to be constables of such town, and to have, use and enjoy all the rights, emoluments, &c. appertaining to such offices, which offices they are charged with having *jointly and severally* usurped, &c. The information then proceeds to allege, that an annual town meeting for the election of officers was held in Verona on the first Tuesday of March, 1830; that it was determined by the electors that the number of *four constables* and no more should be chosen for the then ensuing year; that the *relators* were duly elected, and are rightfully entitled, &c. The defendants put in *separate pleas*, each one for himself alleging that at the town meeting specified in the information, he was duly elected a constable, and that subsequently he took the necessary oath of office, and gave the required security; traversing the

election of the relators, and also the allegation in the informa-
tion, that he, by himself, or in conjunctions with the other de-
fendants, had usurped the office of constable. The attorney-
general replied to each plea, that the defendant pleading the
same was not duly elected, and reiterated the allegation that
the relators were duly elected. The issues thus joined were
tried in April, 1831, and a special verdict found by the jury,
which states the holding of the town meeting, the determina-
tion of the electors that four constables and no more should be
elected, the balloting and canvass; that among the ballots, 176
ballots were found, on which appeared the names of the de-
fendants, *together with the name of one other person*, and that
those ballots were counted and allowed by the presiding offi-
cers as legal votes for the defendants, and they declared duly
elected ; that a certain number of votes was given for the re-
lators, and that they were duly elected, if the 176 ballots above
specified could not legally have been counted and allowed to
the defendants ; and whether the defendants or the relators
were duly elected, the jurors ask the advice of the court, &c.
The verdict further found, that the defendants entered upon
the discharge of the duties of the offices of constables, and act-
ed as such for the year ensuing the election.

*W. C. Noyes*, for the relators. The act of the presiding
officers at the election is not conclusive ; they are mere
ministerial officers. 1 R. S. 344, 5. id. 108, § 47. 3 Burr.
1647. 4 Cowen, 297. 8 id. 102. 11 Johns. R. 158. A bal-
lot is not good which contains a greater number of names of
persons designated to any office, than there are persons to be
chosen at the election to fill such office. 1 R. S. 133, § 12.
id. 344, § 4. The issue in this case was properly made up.
4 Cowen, 124, n ; the finding that the *defendants* are not elect-
ed, shews that the *relators* are elected. Notwithstanding the
offices of the defendants have expired by their own limitation,
the court will give judgment. In the case of *The People, ex
rel. Teel*, v. *Sweeting*, 2 Johns. R. 184, leave to file an infor-
mation was refused, when it appeared that the office sought
to be vacated would expire before an inquiry could be had, but

ALBANY,
Jan. 1832.

The People
v.
Loomis.

here the relators may make and file a suggestion that they have sustained damages by reason of the usurpation, and are entitled to judgment in their favor.   2 R. S. 582, § 32, 34.

*S. Beardsley,* for the defendants.   The relators are not entitled to judgment.   The defendants could not be proceeded against *jointly.*   Besides, the offices have expired, and judgment of ouster would be a nullity.   Judgment will not be given as a foundation for a suggestion of damages, for such claim could not be enforced ; if damages are recovered, how are they to be apportioned among the relators, and how, as between the defendants, could contribution be enforced ?

*Greene C. Bronson,* (attorney-general,) in reply.   The information is not against the defendants *jointly ;* it is *joint* and *several ;* the defendants appeared severally, and are subject to no greater responsibilities than they would have been had they been proceeded against severally.   One information may be filed against several persons, when the rights of such persons to the same office may properly be determined on one information.   1 R. L. 108, § 4.   2 R. S. 584, § 45.  This is precisely the case contemplated by the statute.   The court refused to interfere in the case of *Teel* and *Sweeting,* because then there was no further remedy beyond the information ; now it is otherwise.   An information in a case like this is, in effect, a private action.

*By the Court,* NELSON, J.   The town meeting of the town of Verona, in Oneida county, in March, 1830, resolved, in pursuance of the statute, to limit the number of constables for that year to four.   The defendants whom the presiding officers of the town meeting determined were duly elected, it is conceded, had not a majority of votes over the relators, unless there are counted for them 176 ballots, on each of which were five names.   The correctness of the decision of the presiding officers depends upon the allowance of these ballots.   There is one unanswerable objection to the admission of these ballots to a connt, to wit, that one elector may vote for every candidate for the office of constable, if he may multiply the names

on the ballot beyond the number to be elected, and thereby in effect cast two votes. Take the two tickets which appear to have been run in this case—if one elector can cast a ballot containing *five* names, he may one of *eight*, and thus vote (if he chooses to insert the names) for both tickets. It would be impossible for the presiding officers to select the four according to the intention of the voters, and four only should be counted.

The remedy must be entirely fruitless in this case, as the term of office of the defendants has long ago expired. If application had been made for the *quo warranto*, we should have denied it, as was done in *The People* v. *Sweeting*, 2 Johns. R. 184. Although judgment of ouster will be unavailing, and the damages, if a suggestion be made, must be very trifling, still I am of opinion we cannot suspend the judgment, as the revised statutes are imperative, and give to the prevailing parties *costs*. 2 R. S. 583, § 37; 585, § 48.

Judgment for the relators.

