By the Code of Procedure (section 428) the writ of quowarranto and proceedings by information in the nature thereof were abolished, and the remedies formerly to be obtained thereby are now to be had by a civil action under the provisions of chapter 2 of title 13 of the Code.
And the proceedings now are a civil action. (The People v.Cook, 8 N.Y., 67.)
The people and the relator were then the plaintiffs, and Clute was the defendant in a civil action.
The complaint in this case alleged that Clute usurped the office in question, upon which allegation issue was taken in the answer. The complaint also alleged that the relator was entitled to the office, upon which allegation also issue was taken in the answer. The prayer for judgment in the complaint was in pursuance of these allegations, and also for the damages, costs and expenses of the action. Upon a trial at Special Term the plaintiffs recovered judgment against Clute, ousting him from the office. Judgment was also rendered that the relator was not entitled to the office, but costs were denied to each party.
The plaintiffs did prevail in the action. They succeeded on a very material issue; indeed upon the prime issue in the case. The letter of the Code in relation to costs gives them costs. They were the prevailing party. (§ 303.) They recovered a judgment, and costs shall be allowed of course to the plaintiffs upon a recovery in actions of which a court of a justice of the peace has no jurisdiction. (§ 304, art. 3.) And though the defendant had judgment in his favor on one of the issues this does not preclude the plaintiffs from a recovery of the costs in the action. It was held, in Rex v. Downes (1 T.R., 453), that if any one of several issues on a quo warranto be found for the prosecutor upon which judgment of ouster is given, he is entitled to costs of all the issues.
It is true that by section 306 there are actions in which the costs are in the discretion of the court.
But they are actions in their nature equitable, and in which costs have always been in the discretion of the court. (Staiger
v. Schultz, 3 Keyes, 614.) *Page 578 
Before the Code, costs were of course to the prevailing party in a proceeding by quo warranto. (The People v. Seaman, 5 Denio, 414; The People v. Loomis, 8 Wend., 396, citing 2 R.S., pp. 583-585, §§ 38-48.) The people and the relator, when judgment of ouster was rendered, were by law entitled to a judgment for their costs against the defendant. And in ThePeople ex rel. Welch v. Cook (supra), it is said that since the Code the parties are liable for the costs.
The Special Term should have given judgment against the defendant for the costs of the action.
To its conclusion, denying costs, an exception was taken.
On appeal to the General Term, the judgment of the Special Term was affirmed in part and reversed in part. It was reversed, with another thing, as to the denial of the costs of the action to the plaintiffs, and judgment was given that the relator recover against the defendant the costs of the action and the costs of the appeal.
The General Term had power to do this. To the costs of the action we have seen the plaintiffs were legally entitled. And the costs of the appeal were in the discretion of the court (Code, § 306), as the judgment of Special Term was reversed in part and affirmed in part.
The argument of the defendant, based upon §§ 434 and 322, does not present itself to our minds with any force.
It follows that it was erroneous to reverse in this court the judgment of the General Term, so far as it gave to the relator the costs of the action and the costs of the appeal thereto.
And the judgment of this court should be amended in that respect, and the remittitur be made to conform to the judgment as thus amended.
The costs in this court are in our discretion, as we have modified the judgment of the Supreme Court. As neither party succeeded here to the full extent of the claim made by it, neither should have costs in this court.
All concur.
Ordered accordingly. *Page 579