WILLIAM A. HAMMER, PLAINTIFF IN ERROR, v. STATE, MAR-
CUS S. RICHARDS, RELATOR, DEFENDANT IN ERROR.

JAMES BUCHANAN, PLAINTIFF IN ERROR, v. STATE, GEORGE
W. TAYLOR, RELATOR, DEFENDANT IN ERROR.

GUSTAVUS WIEDENMAYER, PLAINTIFF IN ERROR, v. STATE,
FRANCIS QUIN, RELATOR, DEFENDANT IN ERROR.

1. The act of 1878, p. 329, entitled "An act relating to an assessment and
   revision of taxes in cities in this state," is a special act regulating the
   internal affairs of three cities alone, and, as such, it is in contravention
   of the constitutional prohibition.
2. Under our constitution there can be no such thing as local or special
   legislation to regulate the internal affairs of municipalities, but all leg-
   islation to that end must be general and applicable alike to all.
3. No departure from this rule can be justified, except where, by reason
   of the existence of a substantial difference between municipalities, a
   general law would be inappropriate to some, while it would be appro-
   priate to and desirable for others.
4. In such a case, the municipalities in which the peculiarity exists
   would constitute a class, and the legislation would in fact be general,
   because it would apply to all to which it would be appropriate.
5. Distinctions which do not arise from substantial differences—differ-
   ences so marked as to call for separate legislation—constitute no ground
   for supporting such legislation.
6. Notwithstanding the fact that in proceedings upon information in the
   matter of *quo warranto* the usurpation be not continued to the trial,
   there should be judgment of ouster.

In error to the Supreme Court. For opinion of Supreme
Court, see 13 *Vroom* 435.

For the plaintiffs in error, *Henry Young.*

For the defendant in error, *B. C. Potts.*

The opinion of the court was delivered by

THE CHANCELLOR.    The question in these cases is,
whether the plaintiffs in error are lawful members of the

board of assessment and revision of taxes of the city of Newark. The relators, by the informations, claim that they themselves are lawful members of the board, and that the plaintiffs in error are not, but have usurped their places. The relators claim to be entitled by virtue of an election under the provisions of an act passed in 1866, entitled "An act relating to the assessment and revision of taxes in the city of Newark." *Pamph. L.* 1866, *p.* 446. That act, by its first section, provides that for the purpose of assessing taxes in Newark and revising them, a board, to be known as "The Board of Assessment and Revision of Taxes in the city of Newark," be constituted, to consist of five persons, four of them to be elected at the annual charter elections in the city, and the fifth to be appointed by the common council on the nomination of the mayor. The board is charged with the duties which, previously to the passage of the act, were imposed on the assessors of the wards, the board of assessors and the commissioners of appeal in cases of taxation, all of which officers were abolished by the act. The act names four of the members of the first board, and provides for the appointment of the other; and that at the charter election of 1867, and every year afterwards, two members of the board shall be elected, each to hold his office for two years from the first Tuesday after the 1st day of January succeeding the election. As before stated, the relators claim to have been elected under that act. On the other hand, the plaintiffs in error claim the office under an act approved April 5th, 1878, entitled "An act relating to the assessment and revision of taxes in cities in this state." *Pamph. L.* 1878, *p.* 329. By that act it is provided that in any city of this state where a board of assessment and revision of taxes existed at the passage of the act, the board should thereafter consist of four members, resident electors of the city ; that the members of the board should be nominated by the mayor and confirmed by the common council, and should hold their office for the term of four years from the date of their appointment; that in making the first appointment, the mayor should nominate two of the board

for the term of three years, and two for the term of four years, and in case of any vacancy thereafter, from whatever cause, it should be filled as therein provided for the residue of the term; that in all cities where boards of assessment and revision of taxes existed at the passage of the act, the terms of office of the members of the board should terminate on the appointment of their successors, who, it was provided, should be appointed immediately after the passage of the act.

The question discussed on the argument of these cases in this court, was whether the last-mentioned act is in contravention of that clause of the constitution which prohibits the enactment of any local or special law " regulating the internal affairs of towns and counties." *Const., art. 1 V.*, § 7, *pl.* 11. The object in adopting that provision, was to prevent particular legislative interference in the internal affairs of municipalities. The evil which it was intended to remedy was the making of changes by the legislature in the system of government of municipalities, sometimes at the instance of only a few, and perhaps to the detriment of the many, changes which were not only frequent and disturbing, but often prejudicial to good government and the interest of the tax-payers. The provision under consideration was designed to put it out of the power of the legislature to make any changes in the system of government of any particular municipality by separate legislation. Besides the other manifest advantages, thus is secured watchful scrutiny of all proposed changes, additions or innovations; for they will affect not only the citizens of the particular municipality or municipalities in which they originate, but also those of all others to which they will be applicable. Normally, there can be, under our constitution, no such thing as local or special legislation to regulate the internal affairs of municipalities; but all legislation to that end must be general and applicable alike to all. Nor can any departure from the rule be justified, except where, by reason of the existence of a substantial difference between municipalities, a general law would be inappropriate to some, while it would be appropriate to and desirable for others. There it would

be warranted, not only by the necessities of the situation, but by a reasonable construction of the constitutional provision. In such a case, the municipalities in which the peculiarity exists, would constitute a class, and the legislation would in fact be general, because it would apply to all to which it would be appropriate. But distinctions which do not arise from substantial differences—differences so marked as to call for separate legislation—constitute no ground for supporting such legislation. The mere fact that there are some municipalities, some of the internal affairs of which are conducted by means of boards, perhaps of the same or like character, while it might warrant separate legislation as to the conduct of those boards, would not warrant separate legislation of so important and radical a character as that under consideration. Here the legislature has attempted, by separate legislation for three cities alone at most, to legislate existing officers out of office, and substitute for the existing method of selecting such officers a new and entirely different one, to dismiss from office those whom the people had lawfully chosen, to make way for others to be appointed in a different way provided by the legislature. How does the fact that the taxes are assessed by a board of assessors in one or more municipalities constitute such a difference between those municipalities and the others where the taxes are assessed by individual assessors, as to warrant the legislature in specially interfering in the affairs of the former to such an extent as it has attempted to do in the legislation under consideration? To justify separate legislation for towns or counties, there must be something in the subject matter of the enactment to call for and necessitate such separate legislation. As, for example, there are in certain cities officers such as superintendents of wharves, &c., who exercise functions peculiar to such cities. There, if the legislature interferes at all in reference to such officers or the subjects of their functions, it must be by legislation not appropriate to other towns, and therefore in such cases and to that extent, separate legislation would be proper. But the assessment and revision of taxes is not peculiar to towns which have boards of assess-

ment and revision; they are common to all. The distinction made by the act under consideration is not based on a substantial difference, and a substantial difference alone could authorize the legislation in question. The act is clearly a special one, regulating the internal affairs of three cities alone, and, as such, it is in contravention of the constitutional prohibition. As it stood originally, it applied to one city alone, the city of Newark. It contained a restriction excluding all cities having a population of less than one hundred thousand. By a supplement passed in 1879, (*Pamph. L.* 1879, *p.* 207,) that restriction was removed.

Since the commencement of the proceedings, the terms of office of the plaintiffs in error have expired. Notwithstanding that fact, there should be judgment of ouster. Whether there is to be a judgment of ouster or not, does not depend in this case on the question whether the respondents were in office at the time of rendering the judgment; but if they were in office at the commencement of the proceedings, there should be such judgment against them. By the second section of the act " for rendering the proceedings upon information in the nature of a *quo warranto* more speedy and effectual," (*Rev., p.* 906,) it is provided that in case any person or persons against whom any information or informations in the nature of a *quo warranto* shall in any of the cases mentioned in the act be exhibited in the Supreme Court, shall be found or adjudged guilty of an usurpation or intrusion into, or unlawfully holding and executing any such office or franchise, it shall and may be lawful to and for that court as well to give judgment of ouster against such person or persons of or from such office or franchise, as to fine such person or persons for usurping, intruding into or unlawfully holding and executing the office or franchise, and to give judgment for costs, and issue execution therefor. The law is settled that though the usurpation be not continued to the trial, there should be judgment of ouster. *Rex* v. *Williams,* 1 *W. Bl.* 93; *Regina* v. *Blizzard, L. R.,* 2 *Q. B.* 55; *People* v. *Loomis,* 8 *Wend.* 396; *Cole on Crim. Inf.* 204; *Rex* v. *Holt* 2 *Chit.* 366.

The judgment of the Supreme Court should be affirmed.

DIXON, J.   In my judgment, the act of April 5th, 1878, (*Pamph. L., p.* 329,) was rendered unconstitutional by the third section thereof, which limited its application to cities having not less than one hundred thousand inhabitants.   The defendant having been appointed under this act, his appointment was invalid, and the judgment against him should therefore be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, MAGIE, PARKER, VAN SYCKEL, GREEN.   7.

*For reversal*—KIRK, PATERSON, WHITAKER.   3.