STATE *ex rel.* WILLIAM MURRY *v.* S. W. MEAD AND SCHOOL DISTRICT NO. 10 IN RUTLAND.

*Quo Warranto.  School Committee.*

The granting or withholding leave to file an information in the nature of a *quo warranto*, at the instance of a private relator, to test the right to an office, rests in the sound discretion of the court, even though there be a substantial defect in the title, by which the office is held; thus, the court dismissed a complaint upon the relation of a private person, praying for leave to file an information against the defendant, a school committee, or acting as such, independently of the alleged defect of the committee's title; and this on the ground that he was eligible to the office and competent; that he had hired teachers in good faith, and made provision for a school; that it was an annual office without emoluments; and that the best interests of the district required that he should be allowed to continue through his term.

COMPLAINT upon the relation of a private person, praying for leave to file an information in the nature of a *quo warranto*. The case is stated in the opinion of the court.

*Redington & Butler*, for the relator.

23

State *v.* Mead.

The complaint cannot be dismissed on motion, even with the consent of parties. 4 Cow. 109, n. The defendant must either disclaim or justify. If the latter, he must set out his title specifically. 2 Dill. Mun. Cor. 717; *People* v. *Bank*, 6 Cow. 196; *Commonwealth* v. *Seward*, 11 Mass. 74. Statutes regulating *quo warranto* are remedial, and will not receive a strict construction. High. Ex. Rem. ss. 622, 697, 700. It is well established that under *quo warranto*, etc., the return or certificate of canvassing officers as to the result of the election is not conclusive as to title, etc. High Ex. Rem. s. 638. The courts will go behind the returns. High. Ex. Rem. ss. 722, 760 ; 8 Cow. 102 ; 2 Wend. 12. This is a proper case for a *quo warranto*. *State* v. *Harris*, 52 Vt. 216; 5 Denio. 409; *State* v *Clark*, 25 N. J. L. 354; *People* v. *Pease*, 27 N. Y. 45; *People* v. *Cook*, 8 N. Y. 67. The question on *quo warranto* as to an elective office is whether the defendant received a majority of all the votes which the canvassers had a right to count. Cool. Con. Lim. s. 620 ; *State* v. *Tierney*, 23 Wis. 430 ; 1 U. S. Dig. (1870) p. 614, s. 18 ; *State* v. *Sheriff*, 23 Wis. 630; 61 Ind. 424; 58 Cal. 198.

*M. G. Everts* and *P. R. Kendall*, for the defendants.

The motion to dismiss, and " speaking demurrer " of the answer, involve the question whether the facts set forth in the petition entitle the petitioner to relief.

The proceedings are criminal in form although addressed to the sound judicial discretion of the court. The writ may be allowed or denied in consideration of the condition of the property and its owners and its relations to the public. *State* v. *Hunton*, 28 Vt. 594 ; *State* v. *Smith*, 48 Vt. 266.

This case cannot be regarded as important, or one of either public interest or individual emolument. It comes up at a time when all the duties of the office for the year have been performed by a committeeman at least *de facto*, and also as we claim, *de jure*.

The opinion of the court was delivered by

VEAZEY, J. This is a complaint under the statute upon the relation of a private.person, praying for leave to file an information in the nature of a *quo warranto* against the defendant Mead, for usurping, intruding, and unlawfully holding and executing the office of prudential committee of School District No. 10, in Rutland.

The ground of the complaint, as set forth therein, is, in substance, that at the election of school district officers at the annual school meeting on the last Tuesday of March, 1883, the said Mead was not elected prudential committee for the year ensuing; that a majority of the legal votes cast at said meeting for prudential committee, were cast for the relator, and not for said Mead; that the moderator, in declaring said Mead elected, acted unlawfully and against the protest of the relator then made.

The defendants severally answered denying these averments of the complaint, and asserting that said Mead was duly elected by a majority of the legal votes cast, and admitting that he had from the time of his election exercised the duties of the office, and was still in the exercise thereof, as charged in the complaint. The controversy on the trial was mainly whether two or three of the persons who voted at said meeting were legal voters. The district is small, the whole number of votes cast at this meeting being about thirty. The complaint was not filed until May 5th. This case was not heard until November following. We find it established by the evidence that before the filing of the complaint Mead had proceeded in good faith and hired teachers and made provision for a school, making such arrangements and contracts for the year, in behalf of the district, as were proper and required by a prudential committee; that he was eligible to the office and competent to perform its duties well; that the moderator acted in good faith and no wrong was intended ; that there are no emoluments to the office; that it is an annual office and the term would therefore expire in about four months after the term at which the case was heard; and that the best interests of

the district collectively and individually require that Mead should not be ousted, but should be allowed to continue through his term.

It is now settled law that the granting or withholding leave to file an information, at the instance of a private relator, to test the right to an office or franchise, rests in the sound discretion of the court to which the application is made, even though there be a substantial defect in the title by which the office or franchise is held. *State* v. *Fisher*, 28 Vt. 714 ; *State* Ex. rel. *Page* v. *Smith*, 48 Vt. 266 ; High Ex. Rem. ss. 605, 628, and cases there cited. The grounds upon which courts have exercised discretion by denying the petition, have been the same as those established by the evidence in this case. In the exercise of the discretion reposed in the court, and independent of the question of the alleged defect in Mead's title, which is sharply controverted by the defendant, and by no means clearly established by the relator, we think every consideration demands a dismissal of the complaint.

Complaint dismissed with costs.