ATTORNEY-GENERAL *(ex rel. Libbey) v.* MEGIN.

In *quo warranto* to determine the right to an elective office, the record of
the declared election is.not conclusive.
A person declared elected, and inducted into office, is a *de facto* officer,
though not lawfully elected.

INFORMATION in the nature of a *quo warranto,* filed by the
attorney-general at the relation of James H. Libbey, to determine
the right of the defendant to the office of prudential committee of
school-district No. 2 in Hooksett. Facts found by a referee.

The record of the school-meeting held March 7, 1885, shows
that the defendant had a plurality of votes, and was elected. Upon
evidence tending to show how individuals voted, received subject
to the defendant's exception, and upon other evidence, it was found
that the relator had a plurality of votes, and was elected. The
defendant assumed the duties of the office, and about April 1 hired
a competent teacher for the year at a stipulated salary. The rela-
tor and the defendant are equally suitable to fill the office.

*Chase & Streeter,* for the relator.

*Osgood & Prescott,* for the defendant.

CARPENTER, J. Upon the question which of the parties re-
ceived a plurality of votes for the office, the record of the declared
vote is, in this suit, merely evidence. If the record of the declara-
tion of the moderator in the case of town and school-district offi-
cers, and of the canvassing board appointed by law in the case of
other officers, were conclusive, this proceeding could never be
maintained to test the right to an elective office. It cannot be
instituted until possession of the office is taken *( Osgood* v. *Jones,*
60 N. H. 282), and no one can take possession until his election is
declared. The exception to the reception of evidence outside the
record must be overruled *People* v. *Vail,* 20 Wend. 12.

Whether there may be cases in which the law does not require
an information to be issued or the writ to be granted, although it
appears that the defendant is not entitled to the office, as where a
determination of the proceedings cannot be reached until after the
expiration of the term of office, or where greater public mischief
would be done by granting than by refusing the writ *( People* v.
*Sweeting,* 2 Johns. 185 ; *People* v. *Loomis,* 8 Wend. 396 ; *Common-
wealth* v. *Athearn,* 3 Mass. 285 ; *Howard* v. *Gage,* 6 Mass. 462 ;
*State* v. *Jacobs,* 17 Ohio 143 ; *State* v. *Schnierle,* 5 Rich (S. C.)
299 ; *King* v. *Parry,* 6 Ad. & E. 810 ; *State* v. *Mead,* 56 Vt. 353 ;
*State* v. *Tolan,* 33 N. J. 195 ; *Commonwealth* v. *Jones,* 12 Penn. St.
365), is a question not necessary to be considered. No sufficient
reason here appears why the defendant should not be removed.

He was not, and the relator was, lawfully elected: a part only of the term of office has expired, and no public mischief can result from the removal.   By virtue of his declared election and induction into the office, the defendant became, and until judgment rendered will remain, a *de facto* officer.   His official acts are valid. His contract with the teacher, if made in good faith by both parties, will have the same force and validity as if the judgment in this case were for the defendant.   The prudential committee is charged with various duties besides the employment of teachers (G. L., c. 86, s. 27 ; c. 87, s. 14 ; c. 88, s. 15 ; c. 91, ss. 1 & 2), all of which may as well be performed during the remainder of the term by the relator as by the defendant, both being equally competent.   No more inconvenience can result to the district from granting the information than is met in the ordinary case of the death, resignation, or removal of the committee, and the election or appointment of another.

*Information granted.*

All concurred.