STATE OF MINNESOTA, *ex rel.* William B. Bend, *vs.* PERRY HARRISON.

February 18, 1886.

**Supreme Court—Jurisdiction to Review Orders of Commander in Chief of State Militia.**—The lieutenant-colonel of a regiment of the state militia assumed the command of the regiment by orders of the commander in chief of the military forces of the state, (the governor.) For this cause the colonel of the regiment applied for leave to file an information in the nature of *quo warranto* against the lieutenant-colonel. Application denied, it being considered that it was the duty of the respondent, in obedience to such orders, to do the acts complained of, and that, so far as they affected the duty of the respondent, the orders referred to related merely to the conduct of military affairs, which the court will not assume to interfere with nor to control.

Order to show cause why relator should not be permitted to file an information in the nature of *quo warranto* against the respondent, for alleged unlawful usurpation of the powers and duties of the office of colonel of the first regiment of the state militia.

*J. N. Castle,* for relator.

*H. G. Hicks,* for respondent.

DICKINSON, J. The relator having sought from the attorney general his official authority for the filing of an information in the nature of a *quo warranto,* and that officer having refused such application, the relator applied to this court for leave to file the same. Thereupon an order was granted requiring the respondent to show cause why the application should not be allowed. Through this pro-

ceeding the relator seeks to have the respondent required to show by what authority he exercises the functions of colonel of the first regiment of the national guard of this state. The matters now to be considered are such as were presented upon the hearing under the order to show cause, upon the relator's petition and the affidavit of the respondent in answer thereto. From such petition and answer the following facts appear: The relator and the respondent were elected and commissioned as colonel and lieutenant-colonel, respectively, of the first regiment of the national guard of this state, by which name our militia organization is designated. Thereafter, and on the second day of June, 1885, by command of the governor of the state, (who by the constitution is constituted the commander in chief of the military and naval forces of the state,) issued through the adjutant general, the relator was put under military arrest, was suspended from his command, and the respondent was ordered to take command of the regiment.

On the 27th day of July, by the further command of the governor, an order was issued through the adjutant general in terms revoking the commission of the relator as colonel, and directing the respondent to continue in the command of the regiment until the further order of the commander in chief. Since June 2d, when the first of these orders was issued, the respondent has assumed and exercised such command, performing duties ordinarily devolving upon the colonel. It is by reason of such acts that he is here charged with having usurped the office of colonel of the regiment. It is alleged in the answer of the respondent that such duties were performed by him only by virtue of his office as lieutenant-colonel, and of the orders above referred to; and both from the language of the petition, and because upon the hearing no suggestion was made that such was not the fact, we consider that, for the purposes of this application, such allegation should be taken as true.

The granting or withholding of leave to file an information of this character, at the instance of a private relator, rests in the sound discretion of the court, and is not a matter of strict legal right. *State v. Dowlan,* 33 Minn. 536; *Reg.* v. *Anderson,* 2 Q. B. 740; *Com.* v. *Allen,* 128 Mass. 308; *State* v. *Mead,* 56 Vt. 353.

The constitutional authority of the governor, as commander in chief of the military forces of the state, is recognized by the statute providing for the organization of the national guard. Laws 1883, c. 74. While we do not doubt that the jurisdiction and power of the civil courts may extend to acts which the commander in chief may assume to do by virtue of his office, but which may be found to have been beyond the scope of his authority, (*Com.* v. *Small*, 26 Pa. St. 31,) yet we do not recognize our right to interfere with and overrule his action in the ordinary conduct of merely military affairs. Under what circumstances, and in respect to what acts of that officer, the civil tribunals will exercise their functions, we do not now consider. The fact before us is that the commander in chief ordered the lieutenant-colonel to take the command of the regiment. The respondent obeyed the command, as his duty required him to do. The propriety of the order, or the reasons which led to the issuing of it, he could neither overrule nor question. So far as his conduct in the matters alleged against him is concerned, it appears to have been in accord with his duty, whether considered from a military or from a legal stand-point. The orders referred to, so far as they affect the right and duty of the respondent,—and that is really the only question involved in this proceeding,—relate to purely military operations, with which it is not the province of the court to interfere. We may not inquire as to the reasons which induced the commander in chief to direct the lieutenant-colonel to take command of this regiment, and, because such reasons shall be found insufficient, annul such orders. That would be for this court to not only exercise the authority of a military commander, but it would make subordinate the military authority of that officer, which the constitution evidently intended should be supreme.

Order discharged.