Hillsborough,  
 June, 1894.

### ATTORNEY-GENERAL (*ex rel. Rief & a.*) *v.* VARNEY.

When a vacancy occurs in the office of mayor, the aldermen of cities are empowered to elect one of their number chairman, who thereupon has the powers and may perform the duties of mayor, until one is elected and qualified.

INFORMATION, in the nature of a *quo warranto*, filed by the attorney-general at the relation of George W. Rief and six other citizens of Manchester, to determine the right of the defendant to the office of mayor of that city. Facts found by the court.

May 10, 1894, Edgar J. Knowlton, then being mayor, resigned the office and his resignation was accepted. On the same day the board of aldermen elected Byron Worthen, one of their number, chairman of the board, and immediately thereafter (Worthen presiding) elected the defendant (who is a citizen and voter, and was in 1889 and 1890 mayor of the city) mayor to fill the vacancy caused by Knowlton's resignation.

*John G. Crawford*, for the relators.

*Edwin F. Jones*, for the defendant.

WALLACE, J. There is no provision of the statute which authorizes the filling of a vacancy in the office of mayor of Manchester by an election by the people. Section 17, chapter 48 of the Public Statutes provides that at the request of one hundred legal voters the mayor and aldermen shall call a general meeting of the inhabitants for any constitutional and legal purpose. This statute does not authorize the calling of meetings of the qualified voters in each of the several wards, where only an election by the people for mayor can be held. P. S., *c.* 47, *s.* 1. It does not authorize the calling of a meeting for an election to fill a vacancy in the office of mayor. *Kelley* v. *Kennard*, 60 N. H. 1; *Curtis* v. *Berry, ante, p.* 18.

The charter of the city of Manchester provided that a vacancy in the office of mayor should be filled by an election by the joint convention of the city councils. Laws 1846, *c.* 384, *s.* 7. In 1867, this provision was made a general law applicable to all cities. G. S., *c.* 41, *s.* 5. By this enactment the special provision of the charter of Manchester was repealed by implication. *State* v. *Otis*, 42 N. H. 71, 73; *State* v. *Wilson*, 43 N. H. 415, 419; *Hillsborough County* v. *Manchester*, 49 N. H. 57; *Opinion of the*

*Justices*, 66 N. H. 629, 668, 674. The section of the statute providing that " all statutes heretofore passed applying to particular cities, not embraced in this revision, nor superseded thereby, may remain in force " (G. S., *c.* 40, *s.* 13), makes it certain that it was the intention of the legislature to repeal those statutes applying to particular cities which were embraced in that revision and superseded by it.

In 1871, the legislature passed a law empowering the board of aldermen, in case of a vacancy in the office of mayor, to choose one of their own members chairman, who " shall have all the powers and perform all the duties of the mayor, until a mayor shall be elected and qualified to fill the vacancy." Laws 1871, *c.* 23, *s.* 2. The provision of the General Statutes which authorized the joint convention of the city councils to fill a vacancy in the office of mayor was repealed in 1878 by being omitted from the General Laws in the revision of the statutes at that time, and at the same time the provision authorizing the aldermen to choose one of their members chairman, with powers to act as mayor, was substituted. G. L., *c.* 45, *s.* 12. This last provision was re-enacted without any change in the Public Statutes, and is now the only provision of the statutes prescribing any method for the filling of a vacancy in the office of mayor. P. S., *c.* 47, *s.* 12. It follows that the board of aldermen had no power to elect any person outside of one of their members mayor of the city of Manchester, but only power to elect one of their members chairman, who should have the powers and perform the duties of mayor until a mayor should be elected and qualified to fill the vacancy. By the resignation of Mayor Knowlton, the office became vacant. The aldermen chose Worthen, one of their members, chairman, and he became the acting mayor, charged with the performance of all the duties of the mayor's office.

There may be cases in which the law does not require an information to be issued or the writ to be granted, although it appears that the defendant is not entitled to the office, as when the term of office would expire before the case could be heard or determined, or where the matter is of no practical importance, or where greater public mischief would result from granting than refusing the writ. *Attorney-General* v. *Megin*, 63 N. H. 378.

By virtue of his declared election and induction into office, the defendant became, and until judgment rendered will remain, *de facto* mayor of Manchester. *Jewell* v. *Gilbert*, 64 N. H. 13. His official acts are valid. But no sufficient reason appears for refusing to render the judgment which the plaintiff asks. It does not appear that such a judgment will cause any public mischief, or any more inconvenience than results in an ordinary case where a vacancy occurs in the office of mayor.

. As Worthen has not resigned, he is now the acting mayor by virtue of his office as chairman of the board of aldermen. In case he should die or resign, it would be the duty of the aldermen to elect another of their members chairman, and he as chairman would be the acting mayor during the vacancy in the office of mayor. Until January, 1895, that is, during the remainder of the present official term, the duties of mayor will be performed by an alderman chosen chairman by the board of aldermen.

*Information granted.*

CARPENTER, J., did not sit : the others concurred.