THE STATE, EX REL. JOHN BUMSTED, RELATOR, DE-
FENDANT IN ERROR, v. ARCHIBALD M. HENRY,
·PLAINTIFF IN ERROR.

Submitted March Term, 1907—Decided June 17, 1907.

1. An information in the nature of *quo warranto* which does not
   attack the existence of the office, but only the right of the de-
   fendant to hold the same, may, under the statute, be filed by a
   private relator. *Hann* v. *Bedell*, 38 *Vroom* 148, approved.
2. Whether an act merely changing the method of appointment of
   municipal officers is special because not applicable to municipali-
   ties where the officers are elective, in case it applies to all cases
   where the officers are appointive, *quære.*
3. The fact that municipal officers are *now* appointive has no rea-
   sonable relation to the method of appointment, and legislation
   changing the method of appointment which applies only to mu-
   nicipalities where the excise commissioners are appointive at the
   time of the passage of the act is special and unconstitutional.
4. Section 5 of the act of 1906 (*Pamph. L.*, *pp.* 199, 205) is uncon-
   stitutional.
5. The fact that the relator's term of office expired pending the
   appeal does not deprive him of the right to have the judgment
   affirmed.

On error to the Supreme Court. For opinion of that court,
see *ante p.* 162.

For the relator, defendant in error, *J. Merritt Lane.*

For the plaintiff in error, *Howard R. Cruse* and *John W.
Queen.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff in error raises in this court a
question not mooted below, the right of a private relator to
file the information in his own name. Without passing upon
the question whether this objection is so fundamental that
we ought now to entertain it, it is enough to say that the
objection fails to take into account the nature of the pro-
ceedings. The information does not attack the existence of

the board of excise commissioners; it concedes that and attacks only the right of the defendant to hold the office. This distinction has been pointed out in the Supreme Court by the Chief Justice in *Hann* v. *Bedell,* 38 *Vroom* 148. The reason which underlies the rule requiring an information to be filed by the attorney-general where the very existence of the office is in question was stated by Chief Justice Beasley in *Steelman* v. *Vickers,* 22 *Id.* 180. That reason is not applicable in this case.

The Supreme Court held section 5 of the act of 1906 (*Pamph. L., p.* 205) to be unconstitutional on two grounds:

*First.* Because it affects only municipalities having appointive excise commissioners; *second,* because it affects only municipalities now having such boards.

It is doubtful if the first ground can be sustained. From the time of the decision in *Richards* v. *Hammer,* 13 *Vroom* 435, the test of generality of legislation has been whether the characteristics selected as the basis for classification made a substantial distinction, having a reference to the subject-matter of the legislation, between the objects or places embraced in such legislation and the objects or places excluded. Both the purpose of the act and the objects on which it is intended to operate must be considered. "If these objects are distinguished from others by characteristics evincing a peculiar relation to the legislative purpose, and showing the legislation to be reasonably appropriate to the former and inappropriate to the latter, the objects will be considered, as respects such legislation, to be a class by themselves, and legislation affecting such a class to be general." *Long Branch* v. *Sloan,* 20 *Id.* 356, 362, 363. This language of the present Chancellor has been approved by this court in *Freeholders of Hudson* v. *Buck,* 22 *Id.* 155, and has been frequently quoted. It may well be that a classification of municipalities with reference to the method of choosing officers, by appointment or by election, may not be valid for some legislative purposes; but we are not prepared to say that an act merely changing the method of appointment would

be invalid if it applied to all cases where the officers in question were to be appointed.

The Supreme Court, however, was clearly right in holding legislation to be unconstitutional which regulates the method of appointment in municipalities now having excise commissioners appointed by the mayor or governing body. The fact that officers are now appointive has no reasonable relation to the method of appointment. There is no substantial reason why one method of appointment should be adopted in cities now within the class and another method in cities which will in the ordinary and regular course of events come into the class hereafter. Such a classification has been frequently condemned. The cases have been recently cited in this court and repetition is needless. *Seymour* v. *Orange, ante p.* 549.

It is now urged that the judgment is erroneous, because it adjudged the relator to be entitled to the office. This is authorized by the statute if the pleadings are properly framed for the purpose. *Pamph. L.* 1903, *p.* 379, § 12. The information charges that the relator was duly appointed excise commissioner for a term not to expire until April 28th, 1907; that he duly qualified and exercised the rights and privileges of the office. These charges are admitted by the demurrer. Such pleadings are certainly properly framed for the purpose of determining the title of the relator.

The judgment should be affirmed, with costs. The fact that the relator's term of office has expired pending the appeal does not deprive him of the right to have the judgment affirmed. *Hammer* v. *Richards,* 15 *Vroom* 667, 671. He is under any circumstances entitled to judgment for his costs. *People* v. *Loomis,* 8 *Wend.* 396.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 12.

*For reversal*—None.