STATE ex rel CALDWELL, Attorney General, Plaintiff, v. AMERICAN RAILWAY EXPRESS COMPANY et al, Defendants.

(170 N. W. 570).

(File No. 4511.   Opinion filed January 22, 1919.)

1.  Injunction—Enjoining Intrastate Rate Schedule of Express Company—Right to Enjoin National, State, Executive—Official Action, Control By Judiciary.

In a suit by Attorney General and the State Railway Commission in name of state, to permanently restrain defendant express company, and other express companies doing business in this state, from putting into effect a proposed schedule of intrastate express rates materially increasing intrastate rates heretofore existing, which proposed rates are threatened to be made effective from a specified future date, in which suit a temporary restraining order was in effect; the injunction being resisted on ground that defendants are acting under and by virtue of a proclamation by the President of the United States based on the federal Control Acts of August 29, 1916, and March 21, 1918,

22—Vol. 41, S. D.

that a state of war exists and that by and through the proper administrative officers, and defendant express companies, the President, as a proper war measure, has taken over said express companies and their business and is operating same under and by virtue of his executive authority as President; plaintiff's contention being that defendants and said administrative officers acting for the President under said proclamation and said Control Acts, have exceeded the scope of their authority in making and attempting to enforce the proposed schedule; held, that it is the well settled rule that an executive officer of state, such as the President of the United States or a governor of a state, is not subject to control or interference of judiciary in performance of duties belonging to him as such officer; that no act done or threatened by him in his official capacity, can be brought under judicial control, or interfered with by mandamus or injunction.

2. **Same—Jurisdiction of Courts, Re Excessive Ministerial Executive Acts—Rule.**

It seems also a well settled rule, that the jurisdiction and power of the civil courts may extend to ministerial acts which such an executive officer, or those acting under him may assume to do, by virtue of his office, but which may be found to have been in excess, beyond the scope or a misuse of his authority.

3. **Same—Transcending Scope Of, Misuse Of, Federal Executive Authority, Whether Involved in Re Temporary Restraining Order Pendente Lite.**

Where, after a temporary restraining order was made in such suit, application is being made for a temporary restraining order pendente lite, held, the merits of question whether defendants' threatened intention to increase intrastate express rates is in excess and beyond scope, and a misuse of authority of defendants as agents of the executive department of federal government is only incidently involved; the only matter for judicial consideration being whether or not such temporary restraining order shall be issued; and, since common knowledge and observation informs that suits of this character may linger through courts, sometimes for years, and, where no injunction pendente lite is in force, large sums of money, in small items, may be collected from the public, and where it may ultimately be found to be collected without authority; and, considering smallness of items, and number and variety of persons who have paid same, it is practically impossible to ever obtain restitution or recover same back from persons who so unlawfully collected and received it; plaintiff is entitled to such temporary restraining order.

Original action by the State of South Dakota on the relation

·of Clarence C. Caldwell, as Attorney General, and the State Board of Railway Commissioners, against the American Railway Express Company and others, to permanently restrain defendants from putting into effect their proposed schedule of intrastate express rates. Temporary injunction pendente lite, granted.

Clarence C. Caldwell, Attorney General, Byron S. Payne, and Oliver E. Sweet, Assistant Attorneys General, and P. W. Dougherty, for Plaintiff.

R. Walton Moore, C. O. Bailey, R. V. Fletcher, F. B. Harrison, Branch P. Kerfoot, and Henry Wolf Bickle, for Defendant American Express Company.

McCOY, J.    This is an original action instituted in this court by the Attorney General and the Railway Commission, in the name of the state of South Dakota, seeking to permanently restrain the American Railway Express Company, and other express companies doing business in this state, from putting into effect a certain proposed schedule of intrastate express rates, materially increasing the intrastate rates heretofore existing, which proposed schedule of intrastate rates it is alleged said express companies intend and threaten to make effective from and after January 1, 1919.    Plaintiff also prayed temporary injunction pendente lite restraining the putting into effect of said proposed schedule of rates pending the final determination of this action.    This action was commenced December 28, 1918, and a temporary injunction issued restraining the going into force of the said proposed schedule of intrastate rates pending the order to show cause why injunction pending suit should not be issued.    Defendants have appeared in resistance of the application for injunction pending suit, and contend that they are acting in the matter of the said proposed schedule of rates under and by virtue of a proclamation of the President of the United States, based on the federal Control Acts of August 29, 1916, and March 21, 1918; that a state of war now exists, and that by and through the proper administrative officers, and the said American Railway Express Company, the President, as a proper war measure, has taken over the said express companies and their business, and is now operating the same under and by virtue of his executive authority, as President of the United States.    On the other hand, it is the contention of the plaintiff that the said defendants, express companies, and the

administrative officers acting for the President under his said proclamation and said Control Acts, have exceeded and gone beyond the scope of their authority in the making and attempting to put into force the said proposed schedule of increased intrastate express rates.

[1, 2] There is no doubt but what it is a well-settled rule that an executive officer of state, such as the President of the United States, or a Governor of a state, is not subject to the control or interference of the judiciary in the performance of duties belonging to him as such officer, and no act done or threatened to be done by him in his official capacity can be brought under judicial control, or interfered with, by mandamus or injunction. It also seems to be a well-settled rule that the jurisdiction and power of the civil courts may extend to ministerial acts which such an executive officer, or those acting under him, may assume to do by virtue of his office, but which may be found to have been in excess, beyond the scope, or a misuse of his authority. State v. Harrison, 34 Minn. 526, 26 N. W. 729; Druecker v. Salomon, 21 Wis. 621, 94 Am. Dec. 571; Com. v. Small, 26 Pa. 31; Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60; Board of Liq. v. McComb, 92 U. S. 531, 23 L. Ed. 623; Spelling, Ex. Rem. §.624.

[3] As already stated, it is the contention of plaintiff that the action of the defendants in their threatened intention to increase intrastate express rates is in excess, outside, and beyond the scope, and a misuse of the authority of defendants as agents of the executive department of the federal government. The merits of this controversy are now only incidentally before us, and we therefore express no opinion as to the merits of the cause. The only matter now before the court for consideration is whether or not a temporary restraining order. pendente lite be issued. Common knowledge, common observation informs us that suits of this character may drag along through the courts, sometimes for years, and, where no injunction pendente lite is in force, large sums of money, in small items, may be collected from the public, and where it may ultimately be found to have been collected wholly without authority; and, considering the smallness of the items and the number and variety of the persons who have paid the same, it is practically impossible to ever obtain restitution or recover the same back from the persons who so unlawfully collected and received

it. It appears from the complaint that plaintiff is entitled to the relief demanded.

We are therefore of the view, and so hold, that the temporary injunction pendente lite prayed for by plaintiff should be issued, and it will be so ordered.