CUTTER, PLAINTIFF IN ERROR, v. TOLE.

If the captain of a company of militia be imprisoned for debt, he is nevertheless competent to issue orders for a company training.

The Statute requiring that all excuses for non-appearance at a company training be made *within eight days*, does not apply to one who, though he may have been notified in a manner prescribed by law, yet had no *actual* notice to appear, and who, of course, could not know that he was under any legal obligation to offer an excuse, nor that he had been guilty of any neglect which required one.

*Error*, to reverse the judgment of a justice of the peace, rendered in favour of the defendant in an action of debt for a penalty for neglect of military duty.

From the bill of exceptions sent up, it appeared that *Cutter*, the original plaintiff, was a sergeant, and clerk *pro tempore*, of a company of militia in *Westbrook*, the captain of which was confined within the debtor's limits in *Portland*;—that the lieutenant, supposing himself to be the commanding officer during this confinement of the captain, issued his orders to one of the company, by virtue of which *Tole*, who was enrolled as a private soldier in the company, was duly warned to appear at a certain place in *Westbrook* on the seventh day of *May* 1822, for

military duty and view of arms ;—that the captain also issued his orders from *Portland,* to *Cutter* the clerk *pro tempore,* by virtue of which *Tole* was duly warned to appear on the same day, and for the same purpose, at *another* place in *Westbrook;*—and that he was also duly summoned to attend as a witness at the Supreme Judicial Court which commenced its session on the same seventh day of *May,* at which he attended on that and the eight following days ; but he did not within that period assign any excuse for his non-appearance at the company training.

Upon this evidence the justice decided—1. that the captain, by reason of his imprisonment, was disqualified from issuing any military order as commanding officer of the company;—2. that *Tole* was under a paramount obligation to attend the. Supreme Judicial Court in obedience to his summons, of which he might avail himself by way of defence at the trial, notwithstanding he had not offered any excuse to the commanding officer, within the eight days mentioned in the statute.

And these two points, thus decided, were assigned for error.

The case was briefly spoken to by *Morgan* for the plaintiff in error, and *Fitch* for the defendant ; after which the opinion of the Court was delivered as follows.

MELLEN C. J. Two errors are assigned, viz.

1. That the justice who tried the cause decided that the confinement of the captain of the company, within the liberties of the prison in *Portland,* at the time of issuing his orders to the original *plaintiff* to notify a meeting of the company at the time and place mentioned, operated to deprive him of the authority to issue the order ; and that it was therefore void.

2. That the said *Tole,* under the circumstances of the case, was not bound to attend at the time and place appointed ; nor to offer his excuse to his commanding officer within eight days next after the day of muster.

As to the *first* point. The 16*th sect.* of the *Militia Law of this. State, ch.* 164, provides " That whenever the office of Major " General, Brigadier General, Colonel, Major, Commandant or " of Captain shall be vacant, the officer next in grade and in. " commission in the division, brigade, regiment, battalion or " company, shall exercise the command and perform the duties

" thereof, until the vacancy shall be supplied." If the office of captain was not vacant, according to the intent and meaning of the above provision, it follows that *his* order to the plaintiff was legally given, and superseded the order which the *lieutenant* had previously issued.

It is urged by the defendant's counsel, that as the captain, at the time of issuing the order, was legally deprived of his liberty, and of the command even *over himself* and *his own actions*, it would be an unreasonable construction of the statute, to con- sider his military authority *over the company* as continuing, under such circumstances. To this argument it may be replied that the imprisonment of the captain, in the present case, could not deprive him of the means of *issuing the order* to the plaintiff; and he, being at liberty, could and did notify the company pur- suant thereto. Besides, it appears on the record, that the cap- tain was liberated from the limits of the prison on the second of *May ;* nearly a week before the day appointed for the muster ; at which time he might have attended and taken the command of the company, had he not been prevented by the reasons as- signed by the justice as the ground of his opinion on the second point. It may be further replied, that though the captain was within the limits of the prison, and at large, in consequence of having given bond pursuant to law, not to depart beyond those limits ; still that was an arrangement merely between him and his creditor. It was a contract which he might violate at his pleasure, if he inclined to incur the consequences of an escape. He was under no *physical* restraint ; and we are not prepared to say that a captain must be considered as vacating his office, merely by laying himself under bond to absent himself from the territorial limits of his command on the day he issues orders for mustering his company, or from the place of parade on that day. Nor can we believe that his power to issue such an order is suspended by his being in close confinement on execution for debt, any more than if the captain, at the time of issuing the order, had been confined to his chamber by sickness ; a species of restraint, over which he has no control, and which, surely, could not be considered as vacating his office.

It is not perceived how any inconveniences can possibly re- sult from the established principle above stated ; because, if

after an order has been issued by a captain for the purpose of mustering his company under circumstances like those in the present case, he should be unable to attend on the day of muster and take the command of the company, the officer next in seniority on the field, would, by military usage, be the commander of the company for the day.

It is not necessary on this occasion to decide whether the conviction of a commanding officer of an infamous crime, and imprisonment under sentence for such crime, would operate to vacate such commander's office;—nor how far the decision of a court martial in such case would be necessary completely to vacate the office;—nor how far the question, whether a military officer has vacated his office, be a question merely of military jurisdiction. It is sufficient for us to say, that in the present case, we perceive no facts which can authorise us to pronounce the order of the captain as illegal, for want of authority in him to issue it.

We are accordingly of opinion that the *first* error is well assigned.

As to the *second* point, we are not required to give any opinion; but as it has been intimated that several causes are depending upon its decision, we have bestowed our attention upon it, and will state the result.

It is not denied that the defendant was under a paramount obligation to attend upon this Court on the day of muster, in obedience to its process; but the objection is, that he did not, within the eight days next following, offer his excuse to the commanding officer, according to the statute, *art. 32;* nor shew that he was prevented therefrom by severe sickness, according to said article.—This objection is founded on the facts of the case. In the case of *Tribou v. Reynolds,* 1 *Greenl.* 408, it was decided that by the " severe sickness" mentioned in said article, was intended such sickness as prevented the party from giving to his commanding officer, *within the eight days,* satisfactory evidence of his inability to appear.—The statute has reference to all kinds of excuses. But as the provision contains a very *strict limitation,* in giving a construction to it, we apprehend it ought never to be applied against a person who, though he might have been notified in a manner by law prescribed, had in fact receiv-

Cutter *v.* Tole.

ed no *actual notice ;* and of course was not apprized that he was under any legal obligation to offer an excuse, or that he had been guilty of any fault or neglect which required one.

In the case before us, however, it appears that the defendant was duly notified and warned ; and it is not intimated that such notice was not *actual* and *full.* We therefore think the justice erred in *this* particular, and that the *second* error also is well assigned.

The consequence is, that the judgment of the justice must be reversed, and a trial be had at the bar of this Court.

*Judgment reversed.*