## Hayes *v.* Palmer.

In an action against a private in the militia, for not returning, under oath, an order issued to him, to warn other privates to attend a muster, it must be alleged, that there was no sergeant but the clerk. If such allegation is omitted, judgment will be arrested.

A sergeant can be discharged only by a majority of the company officers, who are at the time qualified to act.

A lieutenant can issue no orders as commanding officer, if the captain has his home within the limits of his company, and is at the time at his home.

DEBT. The action was commenced before a justice of the peace, by the plaintiff, as commanding officer of a militia company, to recover a forfeiture of two dollars, alleged to have been incurred by the defendant, for not returning, under oath, an order issued by the plaintiff to him, as a private of said company, to warn one Edgerly to appear at a regimental muster.

The declaration did not allege that there was no sergeant of the company, except the orderly sergeant.

Upon the general issue, it appeared, that one Ricker was Captain of the company, duly commissioned and sworn, and the plaintiff was second Lieutenant. There were a first Lieutenant

and Ensign, but both had removed out of the limits of the company. The legal residence and family of Ricker have always been within the limits of the company. In January, 1849, Ricker went to Lewiston, Maine, to work, and remained there till September 8, '49, when he arrived at his home. He came home with the design of returning to Lewiston in a few days to work again.

He testified, that he did not come home with the design of taking any part in the company training, or regimental muster, nor to exercise any military authority, nor to interfere with any legal authority of the plaintiff; that if ordered, he should have attended to his duties as Captain, in the fall of 1849; that he was detained at home longer than he expected, and until September 18th, 1849, when he returned to Lewiston to his work.

On the 9th of September, 1849, the plaintiff called on Ricker, and got the company books. There were then a first and second sergeant of the company. On the 10th of September, the plaintiff wrote and signed a discharge of the second sergeant, which was duly recorded, and issued his order to the defendant as a private, requiring him to warn said Edgerly and others, to appear at said muster. On the 14th the defendant duly warned said Edgerly, who did not appear, but he did not return the order issued to him by the plaintiff.

A verdict was taken for the plaintiff by consent, which the defendant moves may be set aside. The defendant also moves in arrest of judgment.

*Hobbs* and *Sanborn*, for the plaintiff.

*J. S. Woodman* and *Christie*, for the defendant.

BELL, J. The motion in arrest of judgment must prevail. The statute provision, authorizing the order to warn to be directed to a private, is as follows: " Whenever the Captain shall parade his company, he shall issue his orders to one or more of the sergeants, if any, not being the orderly sergeant, otherwise to one

or more privates of his company, requiring them to warn," &c. Rev. Stat. ch. 78, § 1. By this provision the right to order a private to warn depends upon the fact that there is then no sergeant of the company, except the clerk. This fact is essential to be alleged and proved, to constitute any offence in the private, who disobeys the order, and to entitle any one to recover the penalty for disobedience. It is not alleged, and consequently the declaration fails to show any cause of action.

The facts stated in the case show the reason of the omission. If it had been alleged, that there was no other sergeant but the clerk, the proof would not have supported the allegation. The case finds, that on the 10th of September, 1849, there was a second sergeant, besides the orderly or clerk. This was the day the order was issued to the defendant. By the Constitution, Pt. 2, Art. 54, "the Captains and subalterns" shall appoint "their non-commissioned officers," and by consequence, they have the power of removal. There were on that day four officers, and as one of these, the Captain, was not absent from the limits, within which he was required by law to reside, it is apparent, that the attempt to remove the second sergeant by the plaintiff alone was entirely null, and the case did not exist, where the defendant was liable to be ordered to warn. This defect is, in its nature incurable, and decisive of the case.

But the case shows, that if this objection had not existed, the plaintiff was not authorized to issue the order in question. He had no right to act as commanding officer of the company, except in the cases, when such authority is conferred by the law. Sect. 15, of ch. 93 of the Rev. Stat., gives this authority, when it exists. "In case any military office shall be vacant, or in case of the absence of any officer from the limits, within which he is by law required to reside, the officer next in rank under him shall have the powers and perform the duties of such officer." The office of Captain was not vacant. The Captain was not absent from his limits. His home,·the residence of himself and his family, was within ·the bounds of his company, and he was, at the time, at his home. He had been temporarily absent,

but was then returned, as the plaintiff knew, and was ready to attend to his duties. Under these circumstances the Captain was the only commanding officer of his company, and the plaintiff had no legal authority to issue any order whatever as such.

We perceive no color of pretence for the ground taken by the plaintiff, that the defendant is estopped by his acceptance of the plaintiff's order to deny the plaintiff's authority, or his own liability to be so ordered.

*Judgment arrested.*