THE PEOPLE ex rel. JOHN P. LEO et al., Appellants, *v.* DAVID B. HILL, as Commander-in-Chief, etc., et al., Respondents.

A commissioned officer of the uniformed militia of the state, rendered supernumerary by the disbandment of the organization under and in pursuance of the Military Code (§ 7, chap. 299, Laws of 1883), is not thereby removed from office within the meaning of the provision of the State Constitution (Art. 11, § 5), which declares that no commissioned officer in the militia shall be removed from office unless by the senate, on recommendation by the governor, or by the decision of a court-martial. The officer does not, by the disbandment, lose his rank or commission; he is simply relieved from active service until again assigned to duty, or appointed, or elected to another command. (§ 44, as amended by chap. 332, Laws of 1888.)

An order, therefore, by the governor as commander-in-chief of the military forces of the state disbanding a company is not violative of said Constitutional provision.

The section of said Code authorizing such disbandment is not in conflict with the Constitution or the Statutes of the United States.

The provisions of said Constitution (Subd. 15, § 8, art. 1), conferring upon congress the power "to provide for organizing, arming and disciplining the militia" does not exclude state legislation unless the power conferred is actually exercised.

Under the provision of the United States Revised Statutes (§ 1630), declaring that the militia of each state shall be arranged into divisions, etc., "as the legislature of the state may direct," the fact that but a portion of the militia have been so organized does not impair the validity of the organizations actually made.

Assuming that power to disband a company must be found in the Federal Statute, as to which, *quære,* this power is implied in the power given by said last-mentioned provision; the intention of congress was to leave the whole subject of organization and reorganization of the militia under the control of the respective states, subject to the power of congress.

Accordingly, *held,* that an order of the governor, as commander-in-chief, disbanding a company of the National Guard was valid.

Also, *held,* that such an order was not reviewable on certiorari at the instance of a commissioned officer or a private in said company; that they had no such interest as entitled them to the interposition of the civil courts; also that the order was not a judicial determination, and such determination only is reviewable on certiorari.

*It seems* the fact that a statute is unconstitutional does not alone authorize the intervention of the judicial power; it must appear that it is sought

to be enforced against an individual so as to touch some private right or interest cognizable by courts of law.

(Argued April 27, 1891; decided June 2, 1891.)

APPEAL by relators John P. Leo, as captain, and Edward D. Stryker, as an enlisted member of Company I, Twenty-second Regiment, National Guard, S. N. Y., from order of the General Term of the Supreme Court in the first judicial department, made February 13, 1891, denying an application for a writ of certiorari to review an order made by the governor, as commander-in-chief of the military forces of this state, dated October 10, 1890, which disbanded said company.

The facts, so far as material, are stated in the opinion.

*Asa Bird Gardiner* for appellants.   The order is appealable. (*People ex rel.* v. *McCarthy*, 102 N. Y. 635 ; *Tilton* v. *Beecher*, 59 id. 176 ; *Blossom* v. *Estes*, 84 id. 614 ; *Noyes* v. *C. A. Society*, 70 id. 481 ; *Hewlett* v. *Wood*, 67 id. 399 ; Code Civ. Pro. § 190 ; *Newton* v. *Russell*, 87 N. Y. 532 ; *Howell* v. *Mills*, 53 id. 322 ; 45 id. 708.)   The court below had power and jurisdiction to issue the writ. (Code Civ. Pro. §§ 2120, 2122, 2129 ; *Wildey* v. *Washburn*, 23 Wend. 227 ; *People ex rel.* v. *Nichols*, 6 Abb. [N. C.] 474 ; *Page* v. *Hardin*, 8 B. Mon. 648 ; *People ex rel.* v. *Hill*, 65 Barb. 170.)   The court below erred in its construction of the law relating to the subject-matter.   (U. S. Const. art. 1, §§ 8, 10 ; U. S. R. S. art. 16, § 1637 ; N. Y. Const. art. 11, §§ 1, 5 ; Laws of 1888, chap. 332 ; *Houston* v. *Moore*, 5 Wheat. 15 ; *Prigg* v. *Pennsylvania*, 10 Pet. 539 ; *Sturges* v. *Crowninshield*, 4 Wheat. 193 ; 1 Kent's Comm. § 390 ; Laws of 1870, chap. 80, § 71 ; Laws of 1883, chap. 298, §§ 3, 7, 75, 147 ; U. S. R. S. §§ 1625, 1626, 1630, 1631, 1632, 1634, 1635, 1636, 1637, 1640, 1642, 1658 ; *Martin* v. *Mott*, 12 Wheat. 19 ; Laws of 1888, chap. 332, §§ 26, 29, 38, 44 ; *People* v. *Duane*, 121 N. Y. 375.)

*Charles F. Tabor*, *Attorney-General*, for respondent David B. Hill.   The order of the General Term is not appealable.

(Code Civ. Pro. § 2127; *Hewlett* v. *Wood*, 67 N. Y. 394; *Fisher* v. *Gould*, 81 id. 230; *Clark* v. *Lourie*, 82 id. 580; *People* v. *McCarthy*, 102 id. 635.) It will not be claimed that the right to the writ in this case was expressly conferred or authorized by any statute, and, therefore, it could only be issued as at common law. (Code Civ. Pro. § 2120; *People ex rel.* v. *Corwin*, 68 N. Y. 408; *People* v. *Bd. Comrs.*, 97 id. 43; *People ex rel.* v. *Bd. Comrs.*, 100 id. 86.) It is respectfully submitted upon the part of the governor that in no event had the Supreme Court any jurisdiction to issue a writ of certiorari to review his action in the matter of special order No. 99. (Const. N. Y. art. 4; Laws of 1883, chap. 299, § 7; Cooley on Const. Lim. [5th ed.] 138; *Southerland* v. *Governor*, 29 Mich. 320; *Hawkins* v. *Governor*, 1 Ark. 570; *State* v. *Governor*, 25 N. J. 331; *People* v. *Bissell*, 19 Ill. 229; *Dennett, Petitioner*, 32 Maine, 510; *Mauran* v. *Smith*, 8 R. I. 192; *Board* v. *McComb*, 92 U. S. 541; *U. S.* v. *Black*, 128 id. 48; *Redfield* v. *Windom*, 137 id. 636.) There was no foundation in law for the application made herein by the relators, and there is no merit in the appeal. (Const. N. Y. art. 4, § 1; Laws of 1883, chap. 299, § 7; Laws of 1888, chap. 332; *Mayor, etc.*, v. *Sands*, 105 N. Y. 218.) The statute does not violate the Federal Constitution nor any act of congress. (R. S. [2d ed.] 285; Const. N. Y. art. 1, § 8; *Houston* v. *Moore*, 5 Wheat. 50; *Collector* v. *Day*, 11 Wall. 113; *Van Brochlin* v. *State*, 117 U. S. 178; *U. S.* v. *Cruikshank*, 92 id. 551; *County of Mobile* v. *Kimball*, 102 id. 691; *Sherlock* v. *Alling*, 93 id. 99; *Peik* v. *C. R. Co.*, 94 id. 177, 178; *Transportation Co.* v. *Parkersburg*, 107 id. 703; *Brown* v. *Houston*, 114 id. 634; *Leisy* v. *Hardin*, 135 id. 108, 109.) It is not necessary for the respondent here to show that all of the provisions of the Military Code of New York are not in conflict with the acts of Congress. It is enough to show that so much of the statute as covers the act of the commander-in-chief complained of violates no statute of the United States. (*Presser* v. *Illinois*, 116 U. S. 269.) The relator's claim that some of the provisions of special order No. 99 are

in conflict with that provision of section 5 of article 11 of the Constitution which declares : " And no commissioned officer shall be removed from office unless by the senate on the recommendation of the governor, stating the grounds on which such removal is recommended, or by the decision of a court-martial pursuant to law," is untenable. (*People* v. *Scrugham*, 25 Barb. 217; *People* v. *Ewen*, 17 How. Pr. 378; *Gertman* v. *Bd. Suprs.*, 109 N. Y. 173; Const. N. Y. art. 11, § 6.)

*Almet F. Jenks* for respondents Porter and McGrath. The order is not appealable and the appeal should be dismissed. (Code Civ. Pro. § 2127; *Cushman* v. *Brundett*, 50 N. Y. 296; *F. L. & T. Co.* v. *B. T. Co.*, 109 id. 342; *Tolman* v. *R. R. Co.*, 92 id. 353; *Noyes* v. *C. A. Society*, 70 id. 481.) The application was properly disposed of for the reason that the prayer of the petition and the motions made thereon were for a writ directed to the respondents Porter and McGrath jointly and to the commander-in-chief if necessary. (*Marbury* v. *Madison*, 1 Cranch. 137; *People* v. *Walker*, 68 N. Y. 403.) The question of disbandment of military organizations being vested by law in the sound discretion of the chief executive of the state, in the exercise of one branch of his executive duties, the courts will not interfere with his decision. (Laws of 1851, chap. 180, § 1; *People* v. *Sampson*, 25 Barb. 254; *People* v. *Scrugham*, 25 id. 216; Cooley's Const. Lim. [6th ed.] 136.) The provisions of the Military Code authorizing the disbandment of organizations are not unconstitutional as against commissioned officers of such organizations. (Const. N. Y. art. 11, § 5; *People* v. *Scrugham*, 25 Barb. 217; *People* v. *Ewen*, 17 How. Pr. 375; 17 Barb. 378.) The argument that the relator Leo has been deprived of his office contrary to the Constitution of this state is unsound. (Laws of 1883, chap. 299, §§ 7, 44; Laws of 1888, chap. 332.) The removal from office by a court-martial plainly means, not a removal from command but a discharge from the service of the state, by the deprivation of the officer's commission. (*State* v. *Mott*, 46 N. J. L. 328.) The provisions of the Military Code of this state, under

which the order sought to be reviewed herein was made, are not in violation of any provision of the Constitution of the United States or of any law of congress. (*Houston* v. *Moore*, 5 Wheat. 50, 51; Flanders' Exposition of the Constitution, 128; Cooley's Const. Lim. [6th ed.] 29; *Sturges* v. *Crowninshield*, 4 Wheat. 122–196; *Gilman* v. *Philadelphia*, 3 Wall. 713–730; *Dunne* v. *People*, 94 Ill. 125–127, 129; U. S. Const. art. 1, § 8; *Houston* v. *Moore*, 2 S. & R. 192; *Presser* v. *Illinois*, 116 U. S. 252, 267, 268; Laws of 1888, chap. 332, § 7; *P. Co.* v. *Keokuk*, 92 U. S. 80; *Penniman's Case*, 103 id. 714.) The relator must be held, therefore, to have assumed office with the contingency in view that he might be deprived of command in this manner. (*People* v. *Scrugham*, 25 Barb. 236.) The relator Stryker has no standing in court. (Laws of 1888, chap. 332.)

Andrews, J. The order of October 10, 1890, disbanding company I, of the 22d regiment of the national guard, and rendering the commissioned officers thereof supernumerary, was made by the executive as commander-in-chief of the military forces of the state. (Const. art. 4, § 4.) The power to make the order was conferred by the 7th section of the Military Code (Laws of 1883, ch. 299), which authorizes the commander-in-chief to alter, divide, annex, consolidate, disband or reorganize the brigades, regiments, battalions, troops, batteries and companies of the uniformed militia, "whenever, in his judgment, the efficiency of the state forces will be thereby increased."

By the 44th section, as amended by chapter 332 of the Laws of 1888, commissioned officers of disbanded organizations are characterized as "supernumerary," and they are exempt from military duty, except in case of war, insurrection and rebellion, on condition of reporting themselves annually to the adjutant-general, but they may be assigned by the commander-in-chief to active duty.

Enlisted men, discharged by reason of consolidations or the disbandment of the organization of which they are members, fall back into the general body of citizens as part of the reserve

militia of the state, and unless re-enlisted, the time of their prior service, if less than five years, is not counted in determining a claim to exemption from military or jury duty. (Military Code, § 13, as amended by act of 1888; also §§ 1, 145.)

The present appeal is by the relators (one the captain and the other a private in company I, of the 22d regiment), from the denial of the General Term of the first department of their application for a writ of certiorari to review the validity of the order of October 10, 1890. The granting of a writ of certiorari to review the determination of a body or officer is in the discretion of the General or Special Term. (Code Civ. Pro. § 2127.) This would be a conclusive answer to this appeal, except for the claim that the writ was denied by the court for want of power to issue it in the case presented. But assuming that the order of the General Term denying the application proceeded exclusively upon the want of power, we are of opinion that the application was properly denied on the merits, and also for the reason that the order of October 10, 1890, disbanding the company, is not in its nature reviewable on certiorari.

It is claimed that the order in question violates that clause of section 5 of article 11 of the State Constitution, which declares that "no commissioned officer (in the militia) shall be removed from office unless by the senate on the recommendation of the governor, stating the grounds on which such removal is recommended, or by the decision of a court-martial pursuant to law." This question has come before the Supreme Court in two cases, and in both was decided adversely to the contention of the relators. (*People* v. *Scrugham*, 25 Barb. 217; *People ex rel.* v. *Ewen*, 17 How. Pr. 375.) The decisions in those cases proceeded upon satisfactory reasons. The deprivation of an officer of command is not a removal from his office. An officer rendered supernumerary by the disbandment of the organization in which he holds command, does not thereby lose his rank or commission. He is relieved from active service until he shall be assigned to duty again by the commander-in-

chief, or is appointed or elected to another command. The Constitution prohibits a removal of an officer from office except in the method prescribed. But an officer, so long as he retains his commission, retains his office. The question of the status of supernumerary officers was considered by Caleb Cushing, when attorney-general of the United States, in the *Matter of Virginia Bounty Land Warrants* (6 Opinions of Atty.-Genl. 252). He said: "The supernumerary officers were not out of commission nor discharged. Out of commission and out of service are different things in military science." The word "office," used in this section of the Constitution, is synonymous with "commission." It is the commission which constitutes a man a military officer. The final sentence of the section, which immediately follows the language quoted, shows the identity in meaning between the two words, in the understanding of the body which drafted that instrument. The sentence is: "The present officers of the militia shall hold their commissions subject to removal as above provided." The contention that rendering an officer supernumerary, under the act of 1883, was a removal from office within the Constitution, is, we think, untenable.

But the main question argued before us in behalf of the relators, relates to the constitutionality of the 7th section of the act of 1880, under the Federal Constitution and statutes. The claim in brief is that power in the state legislature to authorize the disbandment of any part of the military force of the state, is excluded by the provisions of the Federal Constitution and the laws of Congress enacted·pursuant thereto, relating to the militia. The power conferred upon Congress by subdivision 15, section 8, article 1 of the Federal Constitution, " to provide for organizing, arming and disciplining the militia, and for governing such part of them as may be employed in the service of the United States ; reserving to the states respectively the appointment of the officers and the authority of training the militia according to the discipline prescribed by Congress," does not exclude state legislation upon the same subject, unless the power conferred on Congress is actually exercised.

The power to control and organize the militia resided in the several states at the time of the adoption of the Constitution of the United States and was not taken away by that instrument. The power of legislation over the subject after its adoption, was concurrent in the states and in Congress, and the power of state legislation remained until Congress, in the exercise of the power conferred upon it by the Constitution, had legislated. State legislation, in relation to the militia, is only excluded when repugnant to or inconsistent with federal legislation, enacted within the purview of the power conferred by the Federal Constitution, and there is authority for regarding state legislation as inconsistent, which undertakes to supplement laws passed by Congress, covering the subject of the power by annexing new qualifications or incidents not prescribed by the federal law. The general question was elaborately considered in the case of *Houston* v. *Moore* (5 Wheat. 15), which involved the question of the right of courts-martial organized under the laws of a state, to punish delinquent militia men.

In the absence, therefore, of a law of Congress prohibiting it, or inconsistent with a state statute which authorizes the disbandment of a company of the national guard, the order of the commander-in-chief is not in contravention of the Federal Constitution. The acts of Congress in respect to the militia, commencing with the act of 1792, are now consolidated in the Revised Statutes of the United States (§ 1625, *et seq.*). By these acts the militia comprise the whole male population of the several states between the ages of eighteen and forty-five years. They provide for their enrollment and equipment and their organization and arrangement into divisions and other subordinate bodies, and that the discipline prescribed for the regular army shall be observed. The statutes are filled with details which are practically obsolete in the actual situation. The system has grown up and prevails in most of the states of organizing therein under state authority certain bodies of men out of the great body of the militia, as a uniformed force known as the national guard. They are a part of the militia of the state. Their limited number makes it possible to arm, equip

and discipline them more perfectly, and to bring them to a much higher degree of efficiency as a militia force, than can be attained by the great body of the militia. They are always available in an emergency requiring the prompt exertion of the military power of the state and nation, and their usefulness was signally proved in the war of the rebellion. The state assumes the burden of maintaining them. They are subject to the orders of the chief executive of the state as commander-in-chief, until called into the actual service of the United States (State Const. § 2, art. 2). They are organized and governed pursuant to state statutes and are disciplined in substantial conformity with the discipline of the army of the United States. (Laws of 1883, c. 299, § 8.)

We perceive no reason to doubt the power of the state to organize the national guard. Section 1630 of the United States Revised Statutes declares "the militia of each state shall be arranged into divisions, brigades, regiments, battalions and companies, as the legislature of the state may direct." The fact that but a portion of the militia have been so organized does not impair the validity of such organizations as have been made. It is contended, however, that the power of the state to disband an organization once made is not conferred by the section of the United States statutes above quoted. Assuming, but without deciding, that authority to disband a company must be found in the federal statute, we are of opinion that this power is implied in the power given by section 1630 of the United States statutes above quoted to organize and arrange. It would be a very inconvenient construction to hold that the power to organize did not include the power to rearrange or disband a particular organization, to promote the efficiency of the force. We entertain no doubt that it was the intention of Congress that the whole subject of organization and reorganization should remain under the control of the respective states, subject to the power of Congress, and that the power conferred on the commander-in-chief by the act of 1880, to disband an existing military organization, is not in conflict with the Constitution or statutes of the United States. The certiorari

might have been properly refused on the merits, as was in fact the case, as appears from the opinions below. (See *Proctor* v. *Stone*, 1 Allen, 193, and opinion of judges annexed.)

We are also of opinion that, assuming the invalidity of the order of October 10, 1890, the question is not reviewable on certiorari at the instance of the relators. It is the order of the commander-in-chief of the military forces of the state. It is revocable by the authority which issued it. The relators have no such interest as entitles them to the interposition of the civil courts. The order deprives them of no property, subjects them to no penalty, and affects no personal right cognizable in a civil tribunal. The officer who complains is still an officer as before, and the fact that his command is taken away is the result of a military order of his superior, and he must seek his redress in an appeal to him. Deprivation of command is not a civil injury. The private soldier who complains has no vested right which is affected by his discharge from the service. (See *People ex rel.* v. *Roper*, 35 N. Y. 629.) If the order is void, company I is not disbanded and the relator is still a member of the company. The order was not a judicial determination, and such determination only is reviewable on certiorari. (*People ex rel.* v. *Walter*, 68 N. Y. 410; *People ex rel.* v. *Board of Commissioners, etc.*, 97 id. 43.) The statute authorizing it put the matter in the discretion of the commander-in-chief, and because that discretion was confided to his judgment, this did not make its exercise a judicial act. Nor does the fact that an act of the legislature is unconstitutional alone authorize the intervention of the judicial power. Where such an act is sought to be enforced against an individual, so as to touch some private right or interest cognizable by courts of law, then he may invoke their aid.

The facts of this case do not, we think, authorize such intervention by certiorari. (See *Adams, Petitioner, etc.*, 4 Pick. 25; *State ex rel. Grove* v. *Mott*, 46 N. J. L. 328.)

The order should, therefore, be affirmed.

All concur.

Order affirmed.