[No. 7782.   Decided April 12, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Otto A. Case,
Respondent*, v. GOVERNOR ALBERT E. MEAD *et al.,
Appellants*.[1]

CERTIORARI—WHEN LIES—CESSATION OF CONTROVERSY—EXECUTED
COURT MARTIAL.  Certiorari does not lie to review a sentence of a
court martial reprimanding the relator, after the reprimand has
been administered, the court dissolved, and the sentence fully exe-
cuted, the relator not being deprived of any dignity or rank; as
the controversy has ceased to exist.

Appeal from a judgment of the superior court for King
county, Frater, J., entered June 18, 1908, upon findings in
favor of the relator, annulling the sentence of a court mar-
tial, after refusing to quash a writ of certiorari to review
the same.   Reversed.

*John D. Atkinson, Attorney General*, and *Wm. E. Mc-
Clure, Assistant*, for appellants.

*Will H. Thompson* and *Reeves Aylmore*, for respondent.

CHADWICK, J.—Otto A. Case, with the rank of Major in
the state militia, was charged with conduct unbecoming an
officer, in that he gave out an interview to the Seattle Post-
Intelligencer, a daily newspaper of general circulation in
the state of Washington and elsewhere, criticizing the ar-
mory board, organized under the act of 1903 (Laws 1903,
p. 209) for the purpose of superintending the construction
of an armory in the city of Seattle.   A court martial was or-
ganized at Seattle, and after a plea to the jurisdiction had
been overruled, Major Case answered, admitting the inter-
view, but protesting his innocence in that he had spoken as a
civilian in the exercise of the right of free expression guaran-
teed to every citizen; that he was not engaged in military

[1]Reported in 100 Pac. 1033.

duty or service at the time the words were spoken, and that the armory board, being made up in part of civilians, was not a military board the criticism of which would invite the discipline of the National Guard to which he owed allegiance. Major Case was found guilty by the court martial, with a recommendation that he be reprimanded. The findings of the board were approved by the Governor, who is ex-officio Commander-in-chief of the National Guard, and the sentence was executed. Thereafter Major Case sued out a writ of review in the superior court of King county, which the court refused to quash upon motion, and from an order annulling the sentence of the court martial, an appeal is prosecuted to this court.

The motion to quash the writ was made upon several grounds, the only ones now pertinent being as follows:

"(2) That the remedy sought to be obtained by said writ has become unavailing in that the said plaintiff was found by said court martial guilty of each of said specifications, and of said charge, and was sentenced to be reprimanded; that the said sentence has been approved by the Commander-in-chief of the National Guard of Washington, and has been fully executed and carried into effect, and the said plaintiff has been restored to duty as Senior Major of the Second Infantry Regiment, National Guard of Washington, without loss of rank or grade, or the infliction of any punishment or penalty whatsoever, except by such reprimand, and that said findings and sentence were approved and carried into effect prior to the institution of the above entitled proceeding, and prior to the issuance of the writ of *certiorari* by this honorable court.

"(3) That said court martial having fully discharged the duties has been dissolved, and that the officers composing same have returned to their respective homes, and that no matter or thing whatsoever now remains to be done by any of the defendants above named in regard to said court martial, and that the proceedings of said court martial have been fully and completely closed, and that plaintiff herein now occupies and has occupied since prior to the institution of the above entitled proceeding, in the National Guard of Wash-

ington, the identical grade and rank held by him prior to the issuance of the order convening said court martial."

It is the judgment of this court that the motion to quash should have been sustained. However unwarranted the findings of the court martial and the reprimand inflicted upon Major Case may have been, the board being dissolved and the sentence executed, there is nothing of which a court can take notice and keep within its jurisdiction. A writ of review presupposes that if an error shall have been made by an inferior court or tribunal, a reviewing court can adjudge a correction of the error, and that the matter before it shall proceed to final determination in accordance with the forms of law. Major Case has been deprived of no dignity or rank by the Governor, who is Commander-in-chief, or the Adjutant General, who executed the sentence. Hence, this court cannot, as in some of the cases cited by the respondent, direct a restoration of something that was his and that he is still entitled to enjoy. The reprimand has been given and received. It is done. It is not such a material thing as a court can recall and in its stead direct an exoneration by the commanding officer of the National Guard. The board had performed its office and been dissolved when the writ was issued. Therefore no court could recall it into being to correct the error, if we should find upon a review of the whole evidence that an error had been committed. Therefore the finding of the court below:

"That all and every of the acts, proceedings, findings and sentence of the said court-martial were irregularly done and made, and without jurisdiction of said court-martial to do or make and the approval and execution thereof were irregularly made and entered in said proceedings, and in all matters and things the said court-martial and the said defendants, and each of them, proceeded irregularly, not in accordance with law, and without jurisdiction to act or proceed, and were null and void and should be set aside, vacated and held for naught;"

was improper to be entered, whatever the fact of guilt or innocence may have been, for the subject-matter upon which the judgment of the court must operate had ceased to exist.

There is, so far as we know, no authority which would warrant a writ to issue for the purpose merely of giving a court an opportunity to determine an abstract question of right and wrong. Counsel for respondent cites the following cases: *People ex rel. Spahn v. Townsend,* 10 Abb. New Cases 169; *People ex rel. Garling v. Van Allen,* 55 N. Y. 31; *People ex rel. Ely v. Porter,* 50 Hun. 161; to which may be added: *People ex rel. Skinnel v. Rand,* 41 Hun. 529, and *Durham v. United States,* 4 Haywood (Tenn.) 54. The New York cases hold that courts will inquire in such cases whether there was any evidence to sustain the findings of the military court, a question we do not feel called upon to decide; but in all of the cases just cited there was some right of person or property to protect or conserve. The relator had suffered the loss of rank or dignity, or had been fined. Hence, they are not in point.

The principle here involved was before the court in the case of "*Contested Election of Brigadier General,*" 1 Strobh. Law (S. C.) 190. From the returns of the election for Brigadier General of the 8th brigade of the State Militia, it appeared that Col. James M. Commander had received a majority of thirty votes over his opponent, Col. H. G. Rich. The election was contested by Col. Rich. Major General Harlee called a board of officers, as provided in the militia laws of South Carolina, to try the protest. The board found for the contestant, and recommended a new election. This recommendation was finally approved by the Major General. An appeal to the Commander-in-chief availing him nothing, he applied to the courts for a writ of mandamus to General Harlee commanding him to issue the commission to which he believed himself to be entitled, or a writ of prohibition to prevent another election, or a writ of *certiorari* to compel the board of officers to certify their proceedings to the court for

review. The trial judge held with reference to the writ of *certiorari*:

. "Nor do I think the writ of *certiorari* can be granted. The board of officers has performed its functions, and is dissolved. The writ can hardly be addressed to the Major General; indeed I do not think that the writ of *certiorari* can ever issue to a military tribunal."

Upon appeal from an order denying the several writs, the appellate court said:

"The court of inquiry is to the army or militia, what the grand jury is to the Court of General Sessions of the peace. It goes before trial, and is intended merely to prepare the way to ascertain the truth. Under the former militia laws, the trial of contested elections was by officers, then called a court of inquiry. The Act of 1841 very properly rejected that name, and called those assembling to try such a case, a board of officers. These views would end all pretense of appeal to the Commander-in-chief; but they are much strengthened when it is recollected that their decision affects neither the rank nor commission of an officer, for notwithstanding this decision, Col. Commander *is an officer*, is in all respects the same as he was before it. *He still is a Colonel. . . .* The absence of all precedent of a writ of *certiorari* directed to a military court, is certainly a strong argument against its allowance now. But the very fact that the sentence of the court is not known until approved, then that the court is dissolved, and that the whole proceedings are in the possession of the officer ordering the court, show that the writ of *certiorari* cannot be awarded. For there is no one to whom it can go, and who can, as of and for the court, certify the proceedings. But that the Court of Sessions has no right to pronounce a military judgment upon the proceedings being certified up, is itself conclusive against the writ."

To the same effect is the case of *Ex parte Dunbar*, 14 Mass. 393.

It was the right of any officer of the guard to make the charges, however unfounded in fact, and being made, it was the duty of the court organized for the purpose to hear them. It had full jurisdiction. Nor was jurisdiction lost because

the reprimand was published without notice. However unfounded the finding of the court martial may have been, it was made and the sentence executed in strict compliance with the Military Code of the state of Washington, and no appeal to the Commander-in-chief was taken as therein prescribed. The sentence having been executed, the relator is without remedy by *certiorari*. His vindication might have been sought by appeal under the Military Code to the Commander-in-chief; or, that having been allowed to pass, he must, if he cares to pursue his remedies, seek redress in a civil action. The controversy having, so far as the law is concerned, ceased to exist, the case falls within that line of decisions wherein this court has declared that it will not retain jurisdiction to decide purely academic questions. They are collected and cited in *Mackay v. Dever*, 49 Wash. 439, 95 Pac. 860. It will be understood that we do not pass upon the merits of the controversy as presented in the record.

The judgment of the lower court is reversed, with directions to quash the writ of review in accordance with the motion of the appellants.

GOSE, FULLERTON, CROW, and MOUNT, JJ., concur.

DUNBAR, MORRIS, and PARKER, JJ., took no part.