Per Curiam :
The facts with reference to plaintiff’s claim are sufficiently set forth in the findings and do not need repetition. With reference to the movement of 17 enlisted men from St. Louis to Mobile, referred to in Finding II, it appears that there was a contract rate, but that the plaintiff made its claim for the service rendered upon another and a different rate, which was slightly less than the contract rate. The accounting officers applied a party rate which was more than the contract rate or the charged rate, but from which a deduction was made on account of land grant and because thereof an amount was paid less by $35.53 than the amount claimed.
There is room for the conclusion, predicated on matter appearing in the record but which can not be regarded as evidence, that the plaintiff, for this movement, furnished a party ticket and a party service. Had these facts been proven we would have had a different case for consideration and determination. They were not, and if a conclusion which possibly might have been favorable to the defendant must be otherwise the fault is in the omission. We must consider the case as presented.
*266 The request, in compliance with which the transportation was furnished, was for transportation at “ contract special rate.” No reason appears why the plaintiff might not have claimed payment at that rate. We are not unmindful of the possible infirmities in such contracts because of their conflict with the rights of the United States under the land-grant acts, and, in this case, we do not overlook the clause of the contract quoted in the second finding, but we do not find it necessary in this instance to discuss or construe it. The plaintiff has claimed less than the contract rate, and if it might have claimed that rate, we need not discuss the basis upon which it claimed less. It should recover the amount of the deduction therefrom.
With reference to the second movement (Finding III) the plaintiff practically concedes the correctness of the deduction made if the rates involved were available to the Government, but says “they were not, we contend, open to the Government for the reason that the Government did not pay cash.” After the acceptance of transportation requests calling for a given rate, the furnishing of the transportation and the rendering of bills at that rate it is too late to raise any question under a theory that the rate was only available when payment was made in cash.
The question presented with reference to movements referred to in Finding IV is essentially different, in that the persons there being transported were not of the Regular Army but were troops of the States named. Under the decision of this court in the Alabama Great Southern case, 49 C. Cls., 522, the deduction, on account of land grant, was unauthorized. It may be said with reference to a part of these movements that aside from the land-grant deduction this is a controversy between the parties as to the correctness of the computations by which the proper rate was arrived at. The parties have attempted to stipulate the facts in this case, but have failed in this respect. The court has not been furnished with the data which will enable it readily to determine whether the computation of the accounting officers or that of the plaintiff is correct. If, in a complicated matter of this kind, the plaintiff asks the court to adjust differences *267 and determine tbat the computation upon which the settlement was made was erroneous, it seems to us that the plaintiff should have pointed out more specifically the respects in which that computation was erroneous and not have left the court to struggle through a mass of complicated figures in an attempt to adjust differences which counsel, after what we assume to have been an honest effort, have been unable to adjust themselves. We have therefore assumed that the incorrectness of the computation as made by the accounting officers has not been satisfactorily shown, and to it we have adhered. Upon the movements referred to in Finding IY the plaintiff is entitled to judgment for the amount deducted on account of land grant, namely, $3,693.66.
The plaintiff will have judgment in all for $3,729.19.