Fay SLAGLE et al., Appellants,

v.

UNITED STATES of America and Texas Air National Guard, Appellees.

No. 16282.

United States Court of Appeals
Fifth Circuit.

April 22, 1957.

James E. Coleman, Jr., Dallas, Tex., C. F. Schweppe, San Antonio, Tex., Claude Williams, Dallas, Tex., Edward Southerland, Bonham, Tex., George L. Watson, Jr., Grand Prairie, Tex., William H. Neary, Dallas, Tex., Carrington, Gowan, Johnson, Bromberg & Leeds, Williams & Akin, Thompson, Knight, Wright & Simmons, Dallas, Tex., Cunningham, Cole & Sutherland, Bonham, Tex., A. F. Jack Nossaman, Sherman, Tex., Schweppe, Schweppe & Allison, San Antonio, Tex., Pettigrew, Parkhill & Watson, Grand Prairie, Tex., for appellants.

John C. Ford, Asst. U. S. Atty., Dallas, Tex., B. H. Timmins, Jr., former Asst. Atty. Gen. of Texas, J. Fred Jones, former Atty. Gen. of Texas, Heard L. Floore, U. S. Atty., Fort Worth, Tex.,

Will Wilson, Atty. Gen., of Texas, J. C. Davis, Jr., Asst. Atty. Gen. of Texas, for appellees.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from a judgment for the defendants entered after trial to the court without a jury, plaintiffs in the consolidated suits are here insisting that the court erred in the findings and conclusions[1] on which the judgment was based.

When the case was here before, as appears in the opinion of this court in Slagle v. United States, 5 Cir., 228 F.2d 673, from a summary judgment dismissing the complaint in a suit filed by two of the present appellants, the judgment appealed from was affirmed insofar as it dismissed the complaint without prejudice as to the Texas Air National Guard and reversed as to the United States of America for trial on the merits.

Thereafter, complaints[2] of additional plaintiffs, growing out of the same action were filed, and the defendants answering thereto,[3] the consolidated causes proceeded to trial, and, after the testimony of the witnesses and the arguments of counsel had been heard, the findings and judgment complained of were entered.

Here, complaining of the findings of fact, (1) as inadequate, and (2) as erroneous, appellants insist that the judgment may not stand.

On its part, the United States, pointing to the definite and positive findings, that there was no negligence whatever on the part of either of the defendants, and that, at the time of the accident, the plane was under the control and direction of, and being operated by, the Texas Air

---

1. The Court: "This unfortunate accident happened on Feb. 2, 1954, at Hensley Field, Texas.

   "I find as facts that the airplane which fell shortly after it took off from that field as a plane under the direction of the Texas Air Force, Texas National Guard. I find that as a matter of fact that there was no negligence either of inspection nor with reference to any failure to inspect; that the inspections had been duly made, and I can find no negligence whatever. This particular plane had been transferred from the United States to the Texas National Guard; but I am looking at the whole case together, and I find no negligence, either as to the Texas National Guard officers, or employees, or as to the United States, and, therefore, as a conclusion of law, I find for the defendants. That finding, of course, disposes not only of this hearing today which was very wisely provided for by the plaintiffs and the defendants so as to save the trouble of proving any damages if and when the court found that there was any liability in dollars and cents or in any other way which should be charged against either the United States or the Texas National Guard."

2. The complaints of the several plaintiffs which were brought against the United States of America pursuant to the Federal Tort Claims Act, Title 28 U.S.C.A. § 1346(b), and against the Texas Air Na-

tional Guard, as a corporation which can sue and be sued, Art. 5784, Vernon's Texas Civil Statutes, alleged (a) that employees of the defendants were negligent in that they failed to properly inspect, maintain, and operate the F-80 Shooting Star plane which crashed, (b) the application of the doctrine of res ipsa loquitur, (c) that the crashing of the plane constituted a trespass upon the person and property of the plaintiffs, and (d) that there had been an unlawful taking or taking for public use of the property of the appellants, R. W. McDonnell and E. M. Bishop.

3. Answers to all the complaints were filed on behalf of the United States, and Answers were filed by the State of Texas on behalf of the Texas Air National Guard to those complaints where the Texas Air National Guard was made a defendant. The appellee, United States of America, in addition to denying negligence on its part, defended on the ground that at the time the accident occurred the pilot of the airplane and those charged with the responsibility of maintenance were members and employees of the Texas Air National Guard; the appellee Texas Air National Guard alleged that it was a branch or subdivision of the State of Texas and that the State of Texas had not given its consent to be sued or waived its immunity. Both defendants admitted the crash.

National Guard, insists that the evidence fully supports the findings and that the judgment must be affirmed.

On its part, the Texas Air National Guard, while joining with the United States in insisting that the court's findings were fully sustained by the evidence, stands firmly on its position that it was not a legal entity, suable as such, and that, since the suit was in reality against the State of Texas and it had not given its permission to be sued, the court was without jurisdiction or power to enter any judgment against it.

The appellants, while pointing out that, though the defendant Texas Air National Guard admitted that those responsible for the inspection, operation, and maintenance of the plane were employees of the Texas Air National Guard, and the United States contends that this is so, vigorously urge upon us that, upon the undisputed evidence and under the authorities [4] they cite, the persons charged therewith were solely employed by the United States and, in the alternative only, if they were not, they were employees of both.

The United States, opposing these views, points to the record showing: that the pilot of the crashed airplane was a member of the Texas Air National Guard, and the plane was inspected, serviced, maintained and flown by it; that the Guard had complete and exclusive command authority over all of its personnel and equipment; that it had not been called into active federal service at the time of the accident; that the United States Air Force did not furnish any maintenance, supplies, or equipment of any nature for the aircraft operated by and for the Guard; that it did not have any command authority over either the personnel or equipment of the Guard; that it did not have any command authority over the flight 9 operations or flight schedule of the Guard; and, lastly, that the flight which resulted in the crash was authorized and ordered by the Guard.

Based upon this showing, it urges upon us that since the plane was in the possession of, maintained by, and under exclusive control and direction of the Guard, it had not been called into federal service, and that, under the decisions, note 4, supra, no liability for trespass or any other action may be imposed upon the United States under the provisions of the Tort Claims Act. In addition, it reurges its position that the evidence fully supports the court's findings, and that they may not be set aside as clearly erroneous.

■■ Agreeing, as we do, with the position of the Texas Air National Guard and the State of Texas, that the State of Texas has not consented by Art. 5784, Texas Civil Statutes, or otherwise, for the maintenance of this suit either against the named defendant or the State, we conclude that the judgment as to the Texas Air National Guard must be reversed and the cause dismissed for want of jurisdiction.

■ As to the United States, we are of the clear opinion that the finding of the court, that there was no negligence shown, is fully sustained by the evidence, and that the judgment on the claim of negligence must, therefore, be affirmed, whether any of the National Guard employees concerned with the inspection and maintenance were or were not also employees of the United States.

■ As to the trespass count, with which the trial court did not specifically deal, we are of the equally clear opinion: that under the undisputed evidence, the plane flight was not ordered by, and the pilot who conducted it did not conduct it for, the United States; and that the United States cannot, therefore, be held liable in trespass for damages caused by the plane's falling. This being so, ap-

4. United States v. Duncan, 5 Cir., 197 F. 2d 233; Elmo v. United States, 5 Cir., 197 F.2d 230; United States v. Holly, 10 Cir., 192 F.2d 221. C/o McCranie v. United States, 5 Cir., 199 F.2d 581.

pellants' complaint, that the findings were inadequate because not dealing specifically with whose employees were those persons responsible for the inspection, maintenance, and operation of the airplane, may not be sustained.

The judgment will, therefore, be affirmed as to the United States, and reversed as to the Texas Air National Guard with directions to dismiss the suit for want of jurisdiction as to it.