**STORER BROADCASTING COMPANY, Detroit Fire & Marine Insurance Company and Associated Aviation Underwriters, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 16679.**

United States Court of Appeals Fifth Circuit.

Jan. 9, 1958.

James E. Clark (of London & Yancey), Birmingham, Ala., for appellants.

W. L. Longshore, U. S. Atty., Birmingham, Ala., Melvin Richter, Atty., Dept. of Justice, Peter H. Schiff, Dept. of Justice, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

The only question presented by this appeal is whether a member of the National Guard of a State, who is not a caretaker,[1] and who has not been called to active service of the United States is an "employee of the Government" within the meaning of the Federal Tort Claims Act.[2] This Court is firmly committed to answer that question in the negative.[3] The Tenth Circuit is in accord.[4] The

1. See United States v. Holly, 10 Cir., 1951, 192 F.2d 221, 223; Elmo v. United States, 5 Cir., 1952, 197 F.2d 230; United States v. Duncan, 5 Cir., 1952, 197 F.2d 233; Courtney v. United States, 2 Cir., 1956, 230 F.2d 112.

2. See particularly Sections 1346(b), 2671 and 2674 of Title 28 United States Code.

3. Dover v. United States, 5 Cir., 1951, 192 F.2d 431; McCraine v. United States, 5 Cir., 1952, 199 F.2d 581; Slagle v. United States, 5 Cir., 1957, 243 F.2d 404.

4. Williams v. United States, 10 Cir., 1951, 189 F.2d 607.

Third Circuit has held differently as to the District of Columbia National Guard,[5] but, as its opinion indicates, that holding is distinguishable because of the unique status occupied by the District of Columbia National Guard. Many district courts have held likewise.[6] Additionally, all located decisions on the state and federal-militia relationship hold that National Guardsmen of the several states are employees of the state except when in the actual service of the United States.[7]

In the face of such a formidable array of authorities, the appellants, with admirable industry, have developed an excellent record and now ask this Court to re-examine the question, insisting especially that in view of United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, a more liberal construction of the Act is now required.[8] If a proposition so firmly established is to be changed, we think that should be done only by the Supreme Court, and that we should abide by our former decisions.

The judgment is therefore

Affirmed.

5. O'Toole v. United States, 3 Cir., 1953, 206 F.2d 912.

6. Glasgow v. United States, D.C.Ala.1951, 95 F.Supp. 213; Mackay v. United States, D.C.Conn.1949, 88 F.Supp. 696; Satcher v. United States, D.C.S.C.1952, 101 F.Supp. 919; Larkin v. United States, D.C.N.Y.1952, 118 F.Supp. 435; Lederhouse v. United States, D.C.N.Y. 1954, 126 F.Supp. 217, reversed on a different ground, 2 Cir., 230 F.2d 112.

7. United States ex rel. Gillett v. Dern, 1934, 64 App.D.C. 81, 74 F.2d 485; Baker v. State, 1931, 200 N.C. 232, 156 S.E. 917, 918; Gibson v. State, 173 Misc. 893, 19 N.Y.S.2d 405; State v. Johnson, 186 Wis. 1, 202 N.W. 191; People ex rel. Leo v. Hill, 126 N.Y. 497, 27 N.E. 789; People ex rel. Welch v. Bard, 209 N.Y. 304, 103 N.E. 140; Mauran v. Smith, 8 R.I. 192; Cutter v. Tole, 2 Me. 181; State ex rel. Bend v. Harrison, 34 Minn. 526, 26 N.W. 729; State v. Mayor, etc., of City of Newark, 29 N.J.L. 232; Houston v. Moore, 5 Wheat. 1, 18 U.S. 1, 5 L.Ed. 19; Spence v. State, 159 Misc. 797, 288 N.Y.S. 1009; Bianco v.

Austin, 204 App.Div. 34, 197 N.Y.S. 328; Lind v. Nebraska National Guard, 144 Neb. 122, 12 N.W.2d 652, 655, 150 A.L.R. 1449; Worth v. Craven County, 118 N.C. 112, 24 S.E. 778; Chapin v. Ferry, 3 Wash. 386, 28 P. 754, 15 L.R.A. 116; State v. Wilson, 7 N.H. 543; Winslow v. Morton, 118 N.C. 486, 24 S.E. 417; State v. Mead, 52 Wash. 533, 100 P. 1033; Mathews v. Bowman, 25 Me. 157; Hayes v. Palmer, 22 N.H. 94; McGorray v. Murphy, 80 Ohio St. 413, 88 N.E. 881; State v. Johnson, 186 Wis. 1, 202 N.W. 191; Bush v. United States, 52 Ct.Cl. 199; People ex rel. Gillett v. DeLamater, 247 App.Div. 246, 287 N.Y.S. 979; Manley v. State, 62 Tex.Cr.R. 392, 137 S.W. 1137; Alabama Great So. R. Co. v. United States, 49 Ct.Cl. 522; Louisville & N. R. Co. v. United States, 52 Ct.Cl. 259. See, also, 57 C.J.S. Militia § 10, pp. 1086, 1087; 40 C.J. Militia § 23, p. 671; 57 C.J.S. Militia § 8–c, p. 1086; 40 C.J. Militia § 17, pp. 669, 670.

8. A like insistence, also on a well-developed record and excellent briefs, is presented in United States v. Prager, 5 Cir., 251 F.2d 266.