251 F.2d 266
 UNITED STATES of America, Appellant,
v.
Mabel PRAGER, Independent Executrix of the Estate of Myron Prager, Deceased, and Mary Mason Burroughs, Independent Executrix of the Estate of William C. Snow, Deceased, Appellees.
 No. 16478.
 United States Court of Appeals Fifth Circuit.
 January 9, 1958.
 
 James E. Hammond, Asst. U. S. Atty., Holvey Williams, Asst. U. S. Atty., El Paso, Tex., W. Monroe, Kerr, Midland, Tex., Russell B. Wine, San Antonio, Tex., for appellant.
 Wyndham K. White, El Paso, Tex., Kemp, Smith, Brown, Goggin & White, El Paso, Tex., for appellees.
 Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Prager and Snow were killed on the night of August 26, 1954 when their automobile, traveling on a highway in Otero County, New Mexico, ran into a parked antiaircraft gun being towed by a truck operated by a member of the New Mexico National Guard. The truck driver, together with several other enlisted members of the National Guard of New Mexico, was returning from a two weeks' summer training encampment at Fort Bliss, which they had attended by command of the Governor of New Mexico.
 
 
 2
 The plaintiffs, as the personal representatives of the two deceased men, filed separate actions against the United States under the Federal Tort Claims Act.[1] The cases were consolidated. The district court, after hearing the evidence and making findings of fact and conclusions of law, entered judgments against the United States aggregating $100,000.00.
 
 
 3
 The main claim, that the United States is responsible in damages under the provisions of the Federal Tort Claims Act for the negligent acts and omissions of members of the National Guard of a State not in the active service of the United States, has been answered in the negative in Storer Broadcasting Company v. United States, 5 Cir., 251 F.2d 268.
 
 
 4
 In the present case, a further claim is made that the United States or its unnamed supervisory officers were negligent in furnishing vehicles to the State National Guard without equipping them with the flares and lighting equipment specified by the statutes of the State. There was no showing that any such equipment had been requisitioned or requested by the State officers. The decision as to what equipment should be furnished with military vehicles supplied to a State National Guard may very well be a discretionary function or duty excepted from the Federal Tort Claims Act by Section 2680(a) of Title 28 United States Code Annotated. If those hurdles be overcome, it would still be clear that the failure of the Government to furnish the flares and equipment was not the proximate cause of the deaths of the two men. If the vehicles arrived without proper equipment, the duty devolved upon the officers of the State National Guard not to order their use on the highways of the State until they were properly equipped. The proximate cause of the deaths of the two men was not the original furnishing of the vehicles without the equipment required by State law, but the manner in which the vehicles were operated by members of the New Mexico National Guard.
 
 
 5
 None of the regular Army officers had authority to issue orders to or to exercise direct control over the personnel of the National Guard. They were advisors without command status. There was a total lack of evidence that any negligence on the part of any officer or soldier of the Regular Army caused the deaths of the two men.
 
 
 6
 There being no sufficient evidence to sustain the judgments, the same are reversed with directions to enter judgments for the defendant, United States of America.
 
 
 7
 Reversed with directions.
 
 
 
 Notes:
 
 
 [1]
 28 U.S.C.A. §§ 1346(b), 2671 et seq