**766**

Florence GROSS and Raphael Gross,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. No. 19683.

United States District Court
E. D. New York.

Aug. 17, 1959.

Arthur D. Spatt, New York City, for plaintiffs.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for defendant. John E. Hurley, Asst. U. S. Atty., Brooklyn, of counsel.

BRUCHHAUSEN, Chief Judge.

The defendant moves for an order, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C., dismissing this action for lack of jurisdiction.

The plaintiffs sue under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), which permits suits against the Government for personal injuries caused by the negligence "of any employee of the Government while acting within the scope of his office or employment." Employees of the Government include " * * * members of the military or naval forces of the United States." 28 U.S.C. § 2671.

The plaintiff, Florence Gross, claims that she sustained personal injuries by tripping over a rope at Floyd Bennett Field, Brooklyn, while attending an Open House Review of the New York State Air National Guard, 106th Bombardment Wing.

The issue presented is whether persons engaged in said review were employees of the Government, acting within the scope of their employment.

It is not disputed that the said unit was participating in training under provisions of Air National Guard Regulation 50–02, dated October 1, 1956, and in accordance with a directive of the Governor of the State of New York and that the unit was not in active Federal service and that the place of the accident was under the exclusive control of the said unit and that the members of the unit received compensation from the Government, pursuant to 32 U.S.C. § 503.

The law is well settled that members of the National Guard of the various States are State employees except when in the actual service of the United States. Storer Broadcasting Company v. United States, 5 Cir., 251 F.2d 268, certiorari denied 356 U.S. 951, 78 S.Ct. 916, 2 L.Ed.2d 844.

Accordingly the motion must be and is granted.